TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
KYLE FRALICK
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
            (415) 436-6647
E-mail: eric.kaufman-cohen@usdoj.gov
        kyle.fralick@usdoj.gov

Attorneys for Defendant
United States of America

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC., | Case No.: 3:22-cv-00741-LAB-BLM |
| Plaintiff, | In Admiralty |
| vs. | |
| UNITED STATES OF AMERICA, THROUGH THE DEPARTMENT OF THE NAVY, | UNITED STATES' MOTION *IN LIMINE* NO. 1 TO EXCLUDE NON-DISCLOSED WITNESSES |
| Defendant. | |

The United States moves to exclude Plaintiff's non-disclosed witnesses from presenting evidence at trial.  These witnesses are:

1.  Vice Admiral Scott Conn, U.S. Navy (Ret.);

2.  Vice Admiral DeWolfe Miller III, U.S. Navy (Ret.);

3.  Rear Admiral Jon Kott, U.S. Navy (Ret.);

4.  Leslie Girard;

5.  Alexander Gordon;

6.  Henry Duenas;

7.  An unidentified "Custodian of Records for the United States related to contract N0002418C4404;"

8.  An unidentified "Custodian of Records for the United States related to the fire report authored by Vice Admiral Scott Conn;"

9.  Francisco Medina; and

10.  Greg Correnti.

In plain violation of the Court's Scheduling Order, and without seeking leave of court, Plaintiff never disclosed these witnesses until December 4, 2023, when it served and filed with the Court its Pretrial Disclosures (styled as a "Witness List"). ECF No. 30.  There is no imaginable justification for Plaintiff's delay, which at this stage of the proceedings is tantamount to non-disclosure.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

In accordance with the Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference, Initial Disclosures in this case were required to be exchanged no later than August 30, 2022.  ECF No. 5, ¶ 6.c.  On August 30, 2022, Plaintiff, California Marine Cleaning, Inc. ("Cal Marine"), served its Initial Disclosures on the United States (Attached hereto as Exhibit "A" to the Declaration of Kyle Fralick) (hereafter "Fralick Declaration").  Cal Marine's Initial Disclosures listed the names of three individuals: Joshua Carr, Kirk Boettner, and Matt Carr.   Cal Marine's next disclosures were Pretrial Disclosures, which

according to the Court's August 18, 2023 Scheduling Order were required to be exchanged by December 4, 2023.  ECF No. 23, ¶ 4.  Cal Marine served its Pretrial Disclosures on the United States via ECF on the due date.  *See* ECF Nos. 29 and 30.[1]

The deadline for fact discovery in this case was March 6, 2023.  ECF No. 9, ¶ 3.  On August 29, 2023, Cal Marine moved to reopen fact discovery (ECF No. 25), which the United States opposed (ECF No. 26).  After Cal Marine filed its reply (ECF No. 27), the Court denied Cal Marine's motion, finding "Plaintiff has failed to demonstrate good cause for its request to reopen discovery and amend the scheduling order.  As an initial matter, Plaintiff has failed to demonstrate reasonable diligence."  ECF No. 28 at 6.  The Court added, "Plaintiff's lack of diligence is further exacerbated by its apparent failure to conduct *any* discovery during the discovery period authorized by the Court."  *Id.* at 7 (emphasis in original).  Indeed, Cal Marine served no document requests, no interrogatories, no requests for admission, and conducted only one deposition of the United States' expert which was a mere 25 minutes long.

Between its Initial Disclosures made on August 30, 2022, and its Pretrial Disclosures made on December 4, 2023, Cal Marine did not supplement its disclosures or otherwise identify the witnesses above in the case. At 5:45 p.m. on Friday, January 19, Cal Marine served its "Supplement to Initial Disclosures Under Federal Rule of Civil Procedure 26," ten months after the close of discovery, six weeks after Cal Marine served its pretrial disclosures, three weeks after the United States provided Cal Marine's counsel with its additions to the proposed pretrial

---

[1] In a letter to Cal Marine's Counsel, the United States notified Plaintiff regarding its views of the untimely disclosed witnesses.  (Attached hereto as Exhibit "B" to the Fralick Declaration).  The matter was also discussed during a meet and confer between the parties on Dec. 11, 2023.  The United States requested Cal Marine withdraw its late disclosed witnesses.  Counsel for Cal Marine declined to do so.

order, in which the United States objected to any exhibit and witness identified by Cal Marine based on Cal Marine's failure to disclose, two weeks after Cal Marine lodged the proposed pretrial order and, finally, nearly two weeks after the Court held its pretrial conference.[2]   Such dilatory conduct by Cal Marine should not be tolerated and as discussed more fully below, the United States has been prejudiced by such actions on the part of Cal Marine.

## DISCUSSION

### I.  Cal Marine Failed to Timely Supplement its Disclosures as Required by Fed. R. Civ. P. Rules 26(e) and 37(c), Which Failure was Neither Justified nor Harmless.

Fed. R. Civ. P. 37(c)(1) states, "*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." With respect to fact witnesses, disclosure "must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Obesity Research Inst. v. Fiber Research Int'l, LLC,* 2016 WL 1394280, *2 (S.D. Cal. Apr. 8, 2016) (citing *Ashman v. Selectron, Inc.,* 2010 WL 3069314, *4 (N.D. Cal. Aug. 4, 2010)).  Disclosing a witness for the first time in Pretrial Disclosures is presumptively untimely. *Obesity Research Inst.,* 2016 WL 1394280 at *2 (holding that amended disclosures served after the close of discovery were presumptively untimely).

Cal Marine's attempt to insulate itself from its failure to abide by this Court's scheduling orders and the Federal Rules of Civil Procedure by attempting to

---

[2] Attached to the Fralick Declaration as Exhibit "C" is a true and correct copy of Cal Marine's Supplemental Disclosures.

"supplement" its disclosures on the eve of trial, and ten months after the close of discovery, should not be endorsed by the Court. As discussed above, with respect to fact witnesses, disclosure "must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Obesity Research Ins., supra.* In this case, discovery has long been closed and the United States has been prejudiced by Cal Marine's attempt to supplement its disclosures pursuant to Rule 26 of the Fed. R. Civ. P. as it has not been afforded the opportunity pursue discovery of these witnesses.

"Timely and careful compliance with the requirements of Rule 26(a) is essential, both as a matter of fairness to litigants and as a matter of orderly procedure during … events which occur in the final phases of discovery, motion work and trial preparation." *Adan v. Insight Investigations, Inc.,* 2017 WL 4244877, *2 (S.D. Cal. Sept. 25, 2017) (quoting *Garcia v. Qwest Corp.,* 2008 WL 4531657, *2 (D. Ariz. Oct 3, 2008)). Factors that district courts may consider in determining whether a violation of a discovery deadline is justified or harmless are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.,* 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673 F.3d 1240, 1246 (9th Cir. 2012).

It is indisputable that Plaintiff did not timely identify or disclose the ten witnesses listed above before its Pretrial Disclosures on December 4, 2023. Applying the *Lanard Toys* factors this failure was neither justified nor harmless.

//

//

U.S.' MOTION *IN LIMINE* NO. 1 TO EXCLUDE     4          Case No.: 3:22-cv-00741-LAB-BLM
NON-DISCLOSED WITNESSES

### A. The United States is Both Prejudiced and Surprised by Cal Marine's Late Disclosures.

As stated above, Cal Marine's disclosures of these witnesses comes ten months after the close of fact discovery.  The United States has no ability at this point to conduct any discovery into these witnesses and is unable to adequately prepare for trial.  Without more, this is prejudicial to the United States and should result in the witnesses being excluded.  However, the United States is also surprised by the extremely tardy disclosures of these witnesses, most or all of whom were well known to Cal Marine or could have been easily discovered had Cal Marine conducted any discovery at all, which it did not do.

For instance, based on emails produced by Cal Marine as part of initial disclosures, Francisco Medina is a NASSCO employee with whom Cal Marine had corresponded regarding its REA claim.  *See* Exhibit "D" attached to the Fralick Declaration.  These communications occurred months before Cal Marine filed this lawsuit.  If Cal Marine thought Mr. Medina had discoverable information, then it was under an obligation to disclose his name in its initial disclosures or, at the very least, in a supplemental disclosure before the end of fact discovery.  *See* Fed. R. Civ. P 26(a)(1)(A)(i) ("…a party must…provide to the other parties…the name and, if known, the address and telephone number of each individual *likely to have discoverable information…*") (emphasis added).   Instead, choosing the route of surprise, Cal Marine did neither and disclosed Mr. Medina for the first time in its Pretrial Disclosures ten months after discovery closed.  Likewise, if Cal Marine had conducted any discovery at all, it could have learned whether the Navy has records custodians related to this case and, if so, their names.  Instead, Cal Marine opted to ambush the United States and apparently expects it to find, contact, and produce such a witness for Cal Marine at trial.  *See* ECF No. 30 at 2.  The rules place no such obligation on the United States.

The United States is similarly surprised by Cal Marine's late disclosure of three retired Navy Admirals. Presumably Cal Marine culled these names from the approximately 20 unredacted names of Navy officials in the Navy's publicly available report of investigation into the *USS Bonhomme Richard* fire. However, Cal Marine listed the Navy's public report in its initial disclosures yet like with Mr. Medina, it has never disclosed the names of the three retired Admirals despite this information being in its possession since the inception of this lawsuit.[3]

Nor was the United States fairly on notice that Cal Marine intended to call any of the three retired Admirals at trial. It bears repeating that Cal Marine never conducted *any* discovery into these witnesses – not a single request for production of documents, interrogatory, request for admission, or notice of deposition. Their names did not come up in the case until long after fact discovery closed when the United States learned Counsel for Cal Marine contacted Vice Admiral Conn through social media, sent him a letter warning him that he was going to be subpoenaed for trial, and even called his wife's personal cell phone. Attached hereto as Exhibits "E" and "F" to the Fralick Declaration. Cal Marine's contact with Vice Admiral Conn at this stage of the case runs afoul of federal law and regulation that protects against impermissible disclosure of official government information. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951); and 32 C.F.R. §§ 725.1 *et seq.* These belated discovery attempts also deprived the United States of rights it may have had to object to Vice Admiral Conn or the other senior Navy officials from participating in this case. Finally, Vice Admiral Conn lives and works more than 100 miles from this Court so Cal Marine's

---

[3] The United States further notes that the Navy's report of investigation into the *USS Bonhomme Richard* fire identifies over 100 individuals. It was not the United States responsibility to anticipate which individual Cal Marine planed on calling at trial. Cal Marine had an affirmative duty to identify all witnesses it claimed had discoverable information in its Fed. R. Civ. P. 26 initial disclosures.

representations that it can subpoena Vice Admiral Conn to testify at trial are plainly false and serve no purpose other than to intimidate and harass.

Having conducted no discovery in the allotted time for doing so, Cal Marine appears to be trying to make up for that deficiency now. However, at this stage of the proceedings, disclosing for the first time ten fact witnesses is both prejudicial and surprising to the United States.

### B. Cal Marine Cannot Cure the Prejudice it Caused.

Not only is the United States prejudiced and surprised by Cal Marine's late witness disclosures, but the disclosures also come at such an advanced stage of the litigation that Cal Marine cannot practically cure its untimely conduct. To do so would require the Court's permission to reopen a lengthy period of fact and, possibly, expert discovery. This alone supports a finding that Cal Marine's failure to timely disclose was not harmless. *See Hoffman v. Constr. Protective Services, Inc.,* 541 F.3d 1175, 1180 (9th Cir. 2008) (Failure to disclose damages calculation was not harmless where there was a possibility the court would have to create a new briefing schedule and perhaps re-open discovery).

Moreover, Cal Marine attempted to reopen discovery once before, which attempt was soundly rejected by Magistrate Judge Major. *See* ECF No. 28. There is absolutely no reasonable basis in law or fact for reopening discovery now at a later stage in the litigation when the parties and the Court should be *simplifying* the triable issues. *See* LR 16.1(f)(4) and (5). Cal Marine's conduct is doing just the opposite.

### C. The Trial will be Disrupted.

Undoubtedly if the Court were to allow these late-disclosed witnesses to present evidence at trial, the proceedings would be extremely disrupted. Because the witnesses are being disclosed after fact discovery, the United States (and very likely Cal Marine also) has not conducted any discovery into what information these witnesses have. The facts or information which these witnesses may have has never

been the subject of a request for production of documents, an interrogatory, or request for admission. Nor have any of these witnesses been deposed. What's more, Cal Marine doesn't even identify two of the witnesses by name, which highlights the impropriety of Cal Marine's witness disclosures. Plainly, Rule 26(a) requires the *name* of the person being disclosed. If Cal Marine was seeking an unknown Navy custodian of records, it should have served an interrogatory to that effect or noticed a deposition a year ago during discovery. But on the eve of trial, Cal Marine's disclosure of these witnesses for the first time in its Pretrial Disclosures, like the rest of the witnesses identified above, will serve only to disrupt, and delay trial.

### D.  Cal Marine's Conduct was Both Willful and in Bad Faith.

Regarding bad faith or willfulness of Cal Marine's late disclosures, it's hard to conjure any other reasonable explanation for Plaintiff's conduct. As discussed above, most - or all of these witnesses - have long been known to Cal Marine so it's inexcusable they are only being disclosed now and in bald disregard of the Court's scheduling order and the Federal Rules of Civil Procedure. If these witnesses were previously unknown, or unknowable, to Cal Marine, its plausible their late disclosure could be the result of something other than willfulness. However, as here, when the witnesses are fully known and there is no reasonable explanation for their late disclosure, whether through inadvertence, neglect, or purposeful intent, the conduct is willful.

More importantly, however, some of the newly disclosed witnesses are clearly aimed at discovering information at trial which Cal Marine had sought to explore when it moved to reopen discovery. For example, Alex Gordon was the Navy contracting officer handling the *USS Bonhomme Richard* repair contract and was involved in the Request for Equitable Adjustment ("REA") following the fire on the ship. Though it was months after the discovery deadline, Cal Marine served written discovery - its first in the case - on the United States concerning Alex

U.S.' MOTION *IN LIMINE* NO. 1 TO EXCLUDE   8                Case No.: 3:22-cv-00741-LAB-BLM
NON-DISCLOSED WITNESSES

Gordon and information he may have regarding the REA. Cal Marine included the same request in its subsequent motion to reopen discovery.  The Court denied Cal Marine's request to reopen discovery on that issue.  In light of the Court denying Cal Marine additional time for discovery on this topic, it's nothing other than bad faith by Cal Marine to now attempt to discover that same information at trial for the first time.[4]  This attempt to undermine the Court's order denying Cal Marine's motion to reopen discovery should not be allowed and, moreover, to allow additional time for discovery at this late stage of litigation belies the intent and purpose of the federal discovery rules which seek to avoid such gamesmanship and surprise. *See Obesity Research Inst., supra,* 2016 WL 1394280 at *1 (analyzing the Advisory Committee's note to the 1993 amendment to Rule 26(a)(1)).

In sum, disclosure of the ten witnesses identified above for the first time in Cal Marine's Pretrial Disclosures on December 4, 2023, and its last ditch effort to supplement its Fed. R. Civ. P. 26 disclosures on the eve of trial, is tantamount to nondisclosure. Consequently, the Court should exclude these witnesses from trial.

## II. The Court has Significant Discretion to Craft a Remedy Commensurate with the Violation and Should Exclude the Witnesses As Well As Consider More Severe Sanctions.

"Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1051, 1060 (9th Cir. 2005). Likewise, the consequences for violating Rule 26(a) are significant and in addition to, or instead of, excluding evidence,

---

[4] The United States submits that Cal Marine may have disclosed for this same purpose Leslie Girard, Francisco Medina, Greg Correnti, and an unidentified "Custodian of Records for the United States related to contract N0002418C4404." To the United States' knowledge, these individuals have no information related to the case other than potentially about the REA.

courts may impose expenses and fees, strike claims or defenses, stay procedures, dismiss the action in whole or in part, or render default judgment against the culpable party. *Adan,* 2017 WL4244877 at *2 (citing Fed. R. Civ. P. 37(b)(2)(A) and (c)). District courts have significant discretion to fashion an appropriate remedy in this regard. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) ("Furthermore, although we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").

At a minimum, the Court here should exclude each of Cal Marine's late-disclosed witnesses. This is the remedy contemplated by the plain text of the rule and there is ample authority in the Ninth Circuit and this District for such a remedy. *See e.g., Ollier v. Sweetwater Union High School Dist.,* 768 F.3d 843 (9th Cir. 2014) (Affirming district court's exclusion of fact witnesses disclosed 15 months after fact discovery cutoff and ten months before trial); *Patton v. First Light Prop. Mgmt., Inc,* 2016 WL 9503737 (S.D. Cal. Nov. 8, 2016) (Excluding witnesses and evidence disclosed in supplemental initial disclosures served after the fact discovery deadline); and *Obesity Research Inst.,* 2016 WL 1394280 (Precluding the use of numerous witnesses disclosed on the last day of fact discovery).[5]

---

[5] *See also Palmer v. Cognizant Tech. Solutions Corp.,* 2023 WL 4155400 (C.D. Cal. May 16, 2023) (Excluding nine fact witnesses disclosed after the fact discovery deadline); *Lopez v. Lopez,* 202 WL 2043996 (C.D. Cal. Jan. 23, 2020) (Granting motion *in limine* to preclude testimony of witness disclosed one day before fact discovery deadline); *Markson v. CRST Int'l, Inc.,* 2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) (striking as untimely four fact witnesses disclosed in a supplemental disclosure on the day fact discovery closed); *Sanders v. Univ. of Idaho, College of Law,* 2022 WL 4536751 (D. Id. Sept. 28, 2022) (Excluding six witnesses disclosed for the first time months after the fact discovery deadline.); *L.A. v. Riverside Military Academy Foundation, Inc.,* 2021 WL 8998914 (N.D. Ga. Sept. 30, 2021) (Excluding witnesses disclosed for the first time two weeks before the Consolidated Pretrial Order was due); and *Reed v. Washington Area*

However, based on the nature and circumstances of this violation and the others that Cal Marine has committed which are the subject of separate Motions *in Limine,* the United States submits that at the Court's discretion a more severe sanction may be warranted.   Cal Marine has engaged in a pattern of repeated violations of this Court's orders and the Federal Rules of Civil Procedure.   To summarize, in addition to these ten late-disclosed witnesses, Cal Marine attempted to designate non-retained experts after the deadline, moved to reopen discovery despite having conducted no discovery during the time period for doing so, abused the Court's subpoena power and then failed to timely serve the United States with the improper subpoenas,   and ten months after the close of discovery attempted *ex-parte* contact with former Navy employees for official information related to the case.   Accordingly, the Court should not only exclude these late-disclosed witnesses from all further proceedings in this case but should also consider whether a more severe sanction is warranted.

## **CONCLUSION**

Considering Plaintiff's lack of diligence in discovery, the prejudice and surprise occasioned on the United States by these late disclosures, the disruption it will cause to an orderly trial, and the disregard of the Court's deadlines and the Federal Rules of Civil Procedure, the Court should exclude each of the witnesses above from supplying evidence on a motion, or at a hearing or trial.   Cal Marine's failure in this regard is neither substantially justified nor harmless.   Further, based on the pattern of rule violations and evidence of willfulness and bad faith, the Court should consider more severe sanctions.

---

*Metropolitan Transit Authority,* 2014 WL 2967920, *2 (E.D. Va. July 1, 2014) ("Making a supplemental disclosure of known facts witnesses a mere two days before the close of discovery, as is the case here, is not timely by any definition.").

U.S.' MOTION *IN LIMINE* NO. 1 TO EXCLUDE   11           Case No.: 3:22-cv-00741-LAB-BLM
NON-DISCLOSED WITNESSES

Dated:  February 12, 2024

TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
Torts Branch, Civil Division, Admiralty

*/s/ Kyle Fralick*
KYLE FRALICK
Trial Attorney, West Coast Office
Torts Branch, Civil Division, Admiralty
U.S. Department of Justice

Attorneys for Defendant
United States of America

CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2024, a true and correct copy of the foregoing UNITED STATES' MOTION *IN LIMINE* NO. 1 TO EXCLUDE NON-DISCLOSED WITNESSES was served electronically through CM/ECF on:

WALT PENNINGTON
wpennington@pennfirm.com
PENNINGTON LAW FIRM

Attorney for Plaintiff
CALIFORNIA MARINE
CLEANING, INC.


                         */s/Kyle Fralick*
                         KYLE FRALICK