

U.S. Department of Justice

Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
San Francisco Field Office
P.O. Box 36028
San Francisco, CA 94102

(415) 436-6647
(415) 436-6632 Facsimile
kyle.fralick@usdoj.gov

Overnight Delivery:
450 Golden Gate Ave., Room 7.5395
San Francisco, CA 94102

December 5, 2023

<u>Via E-mail</u>

Mr. Walt Pennington
Pennington Law Firm
3304 30th Street
San Diego, CA 92104
Email: wpennington@pennfirm.com

  Re: *California Marine Cleaning, Inc. v. U.S.*,
    USDC S.D. Cal., No. 3:22-cv-00741-LAB-BLM

Dear Mr. Pennington:

  We understand that you have recently contacted at least one former Navy official regarding the *USS Bonhomme Richard* fire, including calling the personal cell phone of the official's spouse. You appear to be seeking information regarding the Navy's investigation into the incident. You offered to pay the official for his time and have warned him that you plan to subpoena him to appear at trial in the above-captioned matter. Cal Marine continues to attempt to conduct discovery after the deadline and, as with the recent subpoenas to NASSCO and the City of San Diego, its current attempts to contact Navy witnesses through social media or other means is clearly impermissible and must cease immediately.

  The release of official information for litigation purposes and testimony by Navy personnel is controlled by Federal law and regulation. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951); and 32 C.F.R. §§ 725.1 *et seq.* Specifically, Department of the Navy personnel "shall not provide …official information, testimony, or documents, submit to interview, or permit a view or visit, without the authorization required by this part." 32 C.F.R. § 725.2(b). Further, Department of Navy personnel shall not provide, with or without compensation, opinion or expert testimony concerning official DON or Department of Defense (DOD) information, subjects, personnel, or activities, except on behalf of the United States or a party represented by the Department of Justice, or with the written special authorization required by this part." *Id.*

Exhibit B, Page 1 of 2

For purposes of federal law and regulation, "Department of Navy personnel" includes "active duty and former military personnel of the naval service *including retirees*…present and former civilian employees…" 32 C.F.R. § 725.4 (emphasis added). "Official Information" includes that which is "acquired by DOD personnel or its component personnel as part of their official duties or because of their official status within DOD or its components, while such personnel were employed by or on behalf of the DOD or on active duty with the United States Armed Forces…" *Id.*

Having conducted essentially no fact or expert discovery at all in the case and being denied in its request to reopen discovery, the United States understands your client is now on the eve of trial attempting to conduct the discovery it should have done many months ago. Nonetheless, like the improper subpoenas you recently served, any attempt to contact current *and former* Navy employees about this case is not only inapt, but completely improper and must cease. No Navy personnel have been authorized to provide official information, testimony, or documents, nor submit to interview, for facts or opinions related to this litigation. The United States Department of Justice represents the Department of the Navy in this matter and any requests for information or testimony from a current or former Navy employee must be made through the undersigned counsel.

Further, we note that Cal Marine's witness list filed with the Court on December 4, 2023, lists numerous witnesses, including Navy personnel, that Cal Marine did not disclose in its initial disclosures nor in any supplemental disclosure since then. These witnesses have long been known to Cal Marine and it failed to supplement its disclosures as required by Fed. R. Civ. P. 26(e). Disclosure of these witnesses for the first time in Cal Marine's pretrial disclosures is untimely.

Please contact me by phone or email so that in accordance with the Court's scheduling order (ECF No. 23, ¶ 4) we can schedule a mutually convenient time to meet and confer before December 11, 2023.

Very truly yours,

*/s/ Kyle Fralick*

Kyle Fralick
Trial Attorney
Dept. of Justice, Torts Branch
West Coast and Pacific Rim Office
Aviation, Space & Admiralty Litigation