TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
KYLE FRALICK
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
          (415) 436-6647
E-mail: eric.kaufman-cohen@usdoj.gov
        kyle.fralick@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC., | Case No.: 3:22-cv-00741-LAB-BLM |
| Plaintiff, | In Admiralty |
| vs. | |
| UNITED STATES OF AMERICA, THROUGH THE DEPARTMENT OF THE NAVY, | UNITED STATES' MOTION *IN LIMINE* NO. 2 TO EXCLUDE NON-DISCLOSED EXHIBITS OBTAINED AFTER THE DISCOVERY DEADLINE |
| Defendant. | |

The United States moves to exclude from trial Plaintiff's, California Marine Cleaning, Inc. ("Cal Marine"), exhibits listed below because they were neither produced nor timely disclosed and were obtained by way of subpoenas served after the Court's discovery deadline and which were not timely served on the United States.[1] These exhibits are as follows: (numbers and descriptions corresponding to Plaintiff's Pretrial Disclosure at ECF No. 29):

5.   NASSCO REA Pricing Worksheet, Revision A;

6.   NASSCO REA Pricing Worksheet, Revision B;

17.    Trial Subpoena for documents and emails generated or used by Alexander Gordon, the United States' Contracting Officer related to the contract modification that granted NASSCO's request for equitable adjustment;[2] and

22.   Emails from the San Diego Fire Department in 2020 following the July 12, 2020 fire on the USS Bonhomme Richard.

In plain violation of the Court's Scheduling Order, and without seeking leave of court, Plaintiff never produced these documents to the United States and did not disclose them until December 4, 2023, when it served and filed with the Court its Pretrial Disclosures (styled as an "Exhibit List"). *See* ECF No. 29.   There is no justification for Plaintiff's delay.

---

[1] The United States reserves all rights with respect to other objections it may have under the Federal Rules of Evidence with respect to these exhibits (if not hereby excluded from trial) and any others that the Plaintiff may offer into evidence.

[2] The United States notes that Cal Marine has yet to serve this subpoena, the timing of which is uncertain.  Nevertheless, based on Cal Marine's description it appears to be seeking documents for trial which Cal Marine never requested during discovery and which the Court denied Cal Marine the opportunity to reopen discovery for.  Plainly a subpoena served on the eve of trial for this information is improper.

Compounding Cal Marine's failure to timely produce and disclose these exhibits is the fact Cal Marine obtained them by way of subpoenas it sent months after the Court's discovery deadline and which it did not timely serve on the United States as required by the Federal Rules of Civil Procedure. Had the United States been properly served it would have moved to quash the subpoenas. Instead, Cal Marine served the United States copies of the subpoenas long after the recipients had either already produced documents responsive to the subpoena or were in the process of doing so. Accordingly, the Court should exclude these exhibits from trial.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

In accordance with the Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference, Initial Disclosures in this case were required to be exchanged no later than August 30, 2022. ECF No. 5, ¶ 6.c. On August 30, 2022, Plaintiff, California Marine Cleaning, Inc. ("Cal Marine"), served its Initial Disclosures on the United States (Attached hereto as Exhibit "A" to the Declaration of Kyle Fralick) (hereafter "Fralick Declaration"). The above four documents were not disclosed at that time. Its next disclosures were Pretrial Disclosures, which according to the Court's August 18, 2023 Scheduling Order were required to be exchanged by December 4, 2023. ECF No. 23, ¶ 4. Cal Marine served its Pretrial Disclosures on the United States via ECF on the due date. *See* ECF Nos. 29 and 30.

Fact discovery in this case closed on March 6, 2023, over 10 months ago. ECF No. 9, ¶ 3. On August 29, 2023, Cal Marine moved to reopen fact discovery (ECF No. 25), which the United States opposed (ECF No. 26). After Cal Marine filed its reply (ECF No. 27), the Court denied Cal Marine's motion, finding "Plaintiff has failed to demonstrate good cause for its request to reopen discovery and amend the scheduling order. As an initial matter, Plaintiff has failed to demonstrate reasonable diligence." ECF No. 28 at 6. The Court added, "Plaintiff's

lack of diligence is further exacerbated by its apparent failure to conduct *any* discovery during the discovery period authorized by the Court." *Id.* at 7 (emphasis in original).  Indeed, Cal Marine served no document requests, no interrogatories, no requests for admission, and conducted only one deposition of the United States' expert which was a mere 25 minutes long.

Without any notice, on November 16, 2023, Cal Marine served on the United States a copy of a subpoena directed to National Steel and Shipbuilding Company ("NASSCO") which had been signed by the Clerk of the Court on November 3, 2023.  *See* Ex. "B" to the Fralick Declaration.  The documents Cal Marine requested in the subpoena are nearly identical to those that were included in its motion to reopen discovery filed approximately two months earlier, *see* ECF No. 25-1 at 6-7, which the Court denied on October 2, 2023.  ECF No. 28.

On November 17, 2023, the day after it served the United States with a copy of the NASSCO subpoena, Cal Marine served on the United States a subpoena directed to the City of San Diego which had been signed by the Clerk of the Court on *September 26, 2023.  See* Ex. "C" to the Fralick Declaration.   The subpoena sought various documents and communications between the San Diego Fire Department and the Navy regarding the *USS Bonhomme Richard* fire.

Counsel for the United States immediately contacted Counsel for Cal Marine requesting to meet and confer.  During this meeting, Counsel for Cal Marine represented that the City of San Diego had already replied to its subpoena, but NASSCO had not. Following the meet and confer, the United States sent a letter to Cal Marine demanding that it withdraw the subpoenas and return or destroy any information it obtained thereby.  *See* Ex. "D" to the Fralick Declaration.  By email on November 22, 2023, Cal Marine agreed to withdraw the two subpoenas yet was silent regarding the United States' demand that it return or destroy any information it may have obtained by way of the subpoenas.  *See* Ex. "E" to the Fralick Declaration.

On November 24, 2023, Counsel for Cal Marine sent the United States a letter stating it had not received any information in response to its subpoenas.  *See* Ex. "F" to the Fralick Declaration.  This statement is belied by Cal Marine's earlier statement during the meet and confer as well as by the fact Cal Marine included in its December 4th Pretrial Disclosures over 800 pages of redacted emails between the San Diego Fire Department and the Navy.   *See* Ex. "G" to the Fralick Declaration.  Further, on December 1, 2023, NASSCO sent to Cal Marine four documents, two of which Cal Marine included in its December 4th Pretrial Disclosures (Exhibit Nos. 5 and 6 identified above).   Finally, Cal Marine characterized its efforts in this regard as "informal discovery" so was not obliged to return or destroy any information obtained by way of its subpoenas. *See* Ex. "F" to the Fralick Declaration.

Between its Initial Disclosures made on August 30, 2022, and its Pretrial Disclosures made on December 4, 2023, Cal Marine never supplemented its disclosures or otherwise identified the documents above in this case.  At 5:45 p.m. on Friday, January 19, Cal Marine served its "Supplement to Initial Disclosures Under Federal Rule of Civil Procedure 26," ten months after the close of discovery, over *six weeks* after Cal Marine served its pretrial disclosures, three weeks after the United States provided Cal Marine's counsel with its additions to the proposed pretrial order, in which the United States objected to any exhibit and witness identified by Cal Marine based on Cal Marine's failure to disclose, two weeks after Cal Marine lodged the proposed pretrial order and, finally, nearly two weeks after the Court held its pretrial conference.  Moreover, these exhibits were not included on the pretrial order lodged by the parties on January 2nd.  Such dilatory conduct by Cal Marine should not be tolerated and as discussed more fully below, the United States has been prejudiced by such actions on the part of Cal Marine.  The United States will file a separate motion *in limine* to exclude all witnesses and documents

identified in Cal Marine's supplemental disclosure not identified in its initial Fed. R. Civ. P. 26 disclosure.

## **DISCUSSION**

**I.  The Court Should Exclude Cal Marine's Exhibits Disclosed for the First Time in its Pretrial Disclosures on December 4, 2023.**

**A.  Fed. R. Civ. P. 37(c).**

It is indisputable that Plaintiff did not produce or timely identify or disclose numerous exhibits before its Pretrial Disclosures on December 4, 2023. This Court should exclude these exhibits from trial under Fed. R. Civ. P. 37(c)(1), which states, "Failure to Disclose or Supplement. If a party fails to provide *information* or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless" (emphasis added).

"Timely and careful compliance with the requirements of Rule 26(a) is essential, both as a matter of fairness to litigants and as a matter of orderly procedure during … events which occur in the final phases of discovery, motion work and trial preparation." *Adan v. Insight Investigations, Inc.,* 2017 WL 4244877, *2 (S.D. Cal. Sept. 25, 2017) (quoting *Garcia v. Qwest Corp.,* 2008 WL 4531657, *2 (D. Ariz. Oct 3, 2008)).  Factors that district courts may consider in determining whether a violation of a discovery deadline is justified or harmless are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.,* 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003)).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  *R&R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673 F.3d 1240, 1246 (9th Cir. 2012).

It is indisputable that Plaintiff did not timely produce or disclose the four exhibits listed above before its Pretrial Disclosures on December 4, 2023. Applying the *Lanard Toys* factors this failure was neither justified nor harmless.

The failure to produce and timely disclose these documents will prejudice the United States because it now must review voluminous documents on the eve of trial with no ability to conduct additional discovery regarding this new information. For example, in the case of Plaintiff's Exhibit No. 22, there are *over 800 pages* of emails between the San Diego Fire Department and U.S. Navy. Having never been produced or disclosed to the United States before December 4th, the United States must now review this information. Worse, because discovery has long been closed, the United States has no ability to conduct written discovery regarding any matter arising in these voluminous emails or depose any of the numerous individuals identified therein that may have information related to the case.

As for surprise, the United States is indeed surprised by this newly produced and disclosed information. But perhaps most surprising is Cal Marine's cavalier attitude towards discovery and the Federal Rules of Civil Procedure. Cal Marine's Exhibit Nos. 5 and 6 are both dated 2022, so presumably were available for it to request in discovery since that time. Likewise, Cal Marine's Exhibit 22 is apparently emails and correspondence from 2020. There is no reasonable explanation why Cal Marine could not have obtained, produced, and disclosed these documents before its Pretrial Disclosures on December 4th. This is exactly the type of prejudice and surprise the federal discovery rules are meant to prevent.

Allowing Cal Marine to use these exhibits at trial would undoubtedly disrupt the proceedings. As a practical matter, Cal Marine has not permissibly disclosed a witness that could authenticate or introduce these exhibits. However, even it had, because Cal Marine denied the United States an opportunity to review these documents and conduct its own discovery into this information, the United States would be forced to explore these topics for the first time at trial. Fact discovery is

meant to occur outside the presence of the Court for many good reasons, but perhaps paramount is preservation of scarce judicial resources.  Cal Marine's failure to timely produce and disclose these documents will have exactly the opposite effect if not excluded from trial - it will serve only to disrupt and delay.

As discussed above, these exhibits that Cal Marine produced and disclosed for the first time December 4, 2023, have long been available.  There is no reasonable explanation other than bad faith and willfulness for their extremely untimely production and disclosure.  Further, as will be seen below, these documents are the product of blatant discovery violations.  Such obvious transgressions of the rules coupled with the prejudice and surprise imposed on the United States indicates bad faith and willfulness on the part of Cal Marine.

For all these reasons, and those which are discussed below, the Court should sanction Cal Marine in accordance with Fed. R. Civ. P. 37(c)(1) and, at a minimum, exclude from trial Cal Marine's exhibits identified above.

## II. In Addition to Not Being Timely Produced or Disclosed, Cal Marine's Exhibits are the Product of Improper Subpoenas.

In addition to the facts that Cal Marine did not timely produce or disclose the exhibits identified above, which is grounds alone to exclude them from trial, the documents are the product of improper subpoenas.  Cal Marine obtained its Exhibit Nos. 5, 6 and 22 from subpoenas it sent months after the deadline for fact discovery in this case.  To make matters worse, Cal Marine failed to serve the United States with copies of the subpoenas prior to or at the same time they were served on the recipients.  This is a clear violation of Fed. R. Civ. P. 45 and deprived the United States of important rights it undoubtedly would have exercised such as moving to quash the subpoenas.  After acknowledging the impropriety its actions, Cal Marine unconvincingly attempted to recast its conduct as "informal discovery," which explanation is clearly spurious considering Rule 45 subpoenas are perhaps the *most* formal discovery mechanism available to parties in federal court.

### A.  Cal Marine's Subpoenas Seeking Fact Discovery After the Fact Discovery Deadline are Not Permitted.

Fact discovery in this case closed on March 6, 2023. ECF No. 8, ¶ 3. "…[D]iscovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice, and response as set forth it the Federal Rules of Civil Procedure." *Id.* (emphasis in original).  On August 29, 2023, Cal Marine requested to reopen discovery (ECF No. 25), which request the Court denied on October 2, 2023.  ECF No. 28.

Cal Marine's subpoenas to the City of San Diego and NASSCO on September 26, 2023 and November 3, 2023, respectively, are obviously well after the fact discovery deadline and in clear violation of the Court's admonishment in its Scheduling Order (ECF No. 8) regarding Rule 45 subpoenas.  That Cal Marine violated the discovery rules is also well supported by case law in this District.  *See e.g., Integra Lifesciences I, LTD v. Merck KGaA,* 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case.") (citations omitted); and *LMA North America, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 12191842, *3 (S.D. Cal. Nov. 5, 2013) (same).

### B.  Cal Marine Failed to Serve its Subpoenas on the United States before or Concurrently with Service on the City of San Diego and NASSCO.

In addition to violating the discovery rules and this Court's order, Cal Marine compounded it transgressions by also failing to timely serve the United States with a copy of the subpoenas.  Rule 45 is clear:

> Notice to Other Parties Before Service.  If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then *before* it

is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4) (emphasis added).  Cal Marine did not serve the United States a copy of its subpoena to NASSCO until November 16, 2023, 13 days after it was signed by the Clerk of the Court.  Worse yet, Cal Marine did not serve the United States its subpoena to the City of San Diego until November 17, 2023, approximately 6 weeks after it was served on the City of San Diego.  Not only did Cal Marine fail to serve the United States with this subpoena *before* serving it on the City of San Diego, but Cal Marine did not serve it until after the date it gave to the City of San Diego to respond, which was October 27, 2023.  *See* Ex. "C" to the Fralick Declaration.

In 2007, Fed. R. Civ. P. 45 was amended to make clear notice of a subpoena must be given to the parties before it is served on the person commanded to produce or permit inspection.  *See* Fed. R. Civ. P. 45, 2007 advisory committee notes ("Courts have agreed that notice [of a subpoena] must be given "prior" to the return date, and have tended to converge on an interpretation that requires notice to the parties before the subpoena is served…").  Nonetheless, Courts are not unanimous in holding that a Rule 45 subpoena must be served on the other parties before being served on the recipient.  Concurrent service on the parties and the recipient has in some cases been allowed without sanctions.  *See e.g., Bofi Federal Bank v. Erhart,* 2016 WL 1644726, *5 (S.D. Cal. April 26, 2016) ("Serving [defendant's attorney] concurrently with the notice [of subpoena] as an attachment to the subpoena fulfills the purpose of Rule 45(a)(4) to notify all parties of the subpoena.").  However, by no means acceptable is service on a party 2 weeks and 6 weeks after service on the recipient of the subpoena, as is the case here.

And failure to provide timely notice of a Rule 45 subpoena is not an insignificant triviality.  The rule is unambiguous, and importantly its purpose is "to afford other parties an opportunity to object to the production or inspection and to

obtain the materials at the same time as the party who served the subpoena."
*Coleman-Hill v. Governor Mifflin Sch. Dist.,* 271 F.R.D. 549, 552 (E.D. Pa. 2010).[3]
As one district court observed when considering sanctions against a party that, as
Cal Marine did here, failed to provide timely notice to a party of a Rule 45 subpoena
to a non-party:

> The risks attached to the misuse of the subpoena power are great.
> Under this delegation of public power, an attorney is licensed to
> access, through a non-party with no interest to object, the most
> personal and sensitive information about a party. By failing to receive
> prior notice of the information sought from the non-party, a party is
> deprived of its greatest safeguard under the Rule, i.e., the ability to
> object to the release of the information *prior* to its disclosure.
> Therefore, the loss of the opportunity to object prior to the release of
> the information caused injury to [defendant] regardless of whether the
> information ultimately was turned over to his counsel.
>
> Moreover, the injury resulting from attorney misuse of the subpoena
> power is not limited to the harm it inflicts upon the parties. Rather,
> misuse of the subpoena power also compromises the integrity of the
> court's processes.

---

[3] *See also* Fed. R. Civ. P. 45(a)(4), 1991 advisory committee notes to subdivision
(b) ("A provision requiring service of prior notice pursuant to Rule 5 of compulsory
pretrial production or inspection has been added to paragraph (b)(1). *The purpose
of such notice is to afford other parties an opportunity to object to the production
or inspection, or to serve a demand for additional documents or things*.") (emphasis
added). In 2013, the Advisory Committee amended Rule 45, in part, by moving the
notice requirement in paragraph (b)(1) to a more prominent location at 45(a)(4).
Explaining the purpose of this amendment, the 2013 Advisory Committee Notes
say "The Committee has been informed that parties serving subpoenas frequently
fail to give the required notice to the other parties. The amendment moves the notice
requirement to a new provision in Rule 45(a) and requires that the notice include a
copy of the subpoena. The amendments are intended to achieve the original purpose
of enabling the other parties to object or to serve a subpoena for additional
materials."

*Spencer v. Steinman,* 179 F.R.D. 484, 489 (E.D. Pa. 1998) (*vacated in part on reconsideration* by *Spencer v. Steinman,* 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999).

Whether by design or neglect, Cal Marine has frustrated the purpose and design of Rule 45's notice requirement. Had Cal Marine properly notified and served the United States as it was its duty to do, the United States would have objected and moved to quash based on the untimeliness of the subpoenas relative to the discovery deadline. But the United States would have also objected on substantive grounds to the information Cal Marine was seeking. *See* Ex. D to Fralick Declaration (explaining objections to documents demanded in Cal Marine's subpoena to NASSCO). But Cal Marine's actions denied the United States an opportunity to timely object as guaranteed by Rule 45. For this Cal Marine should be sanctioned.

## C. Information Obtained by Way of Subpoena is Not Informal Discovery.

Despite the obviousness of its violations of the Rules and the Court's order, which the United States immediately pointed out to Counsel for Cal Marine, Cal Marine maintains that it will not return or destroy the documents it obtained from the City of San Diego and NASSCO pursuant to these subpoenas. *See* Ex. "F" to the Fralick Declaration. Instead, Cal Marine withdrew its subpoenas and claims that any documents received thereafter are the result of informal discovery, which the rules do not prohibit. *Id.*

As an initial matter, the fact Cal Marine "withdrew" its improper subpoenas is of no effect. As explained above, in the case of the City of San Diego subpoena, by the time Cal Marine agreed to withdraw its subpoenas on November 22, 2023, the time for the City of San Diego to respond to the subpoena had already passed. Therefore, any information Cal Marine obtained by virtue of this subpoena was before it withdrew the subpoena and was indisputably provided to Cal Marine in

response to the subpoena.  Withdrawing a subpoena after the receiving party has already responded is an impossibility and does not in any event cure an improperly issued subpoena.

In the case of the NASSCO subpoena, Cal Marine withdrew it approximately three weeks after it was served on NASSCO and one week before NASSCO was due to respond.  It defies common sense to believe, as Cal Marine suggests, that the documents NASSCO gave to Cal Marine on December 1, 2023 – the very day by which Cal Marine's subpoena directed NASSCO to respond – were not directly a result of Cal Marine's improper subpoena.  NASSCO would not have sent Cal Marine any documents if it had not been served with the subpoena so for Cal Marine to characterize NASSCO's response as "informal discovery" is simply false.  NASSCO's response and production of documents, like the City of San Diego's, was a direct and proximate result of Cal Marine's improper subpoenas.

The United States does not disagree that some amount of informal investigation may be permitted by the rules, but a subpoena deuces tecum issued by a United States District Court is manifestly not a method of informal investigation.  Indeed, a Rule 45 subpoena should be issued with even greater care and tact given its formality and immense power, including holding in contempt those who fail to respond.  *See* Fed. R. Civ. P. 45, 1991 advisory committee note to subdivision (a) ("This revision makes the rule explicit that the attorney acts as an officer of the court in issuing and signing subpoenas.  Necessarily accompanying the evolution of the power of the lawyer as officer of the court is the development of increased responsibility and the liability for misuse of this power.").

For these patent violations of numerous discovery rules and the Court's own order, the Court is well within its discretion to exclude these exhibits from trial and based on the circumstances has many very good reasons to do so.  *See e.g., Black v. Youngue,* 2014 WL 7335030 (W.D. Pa. Dec. 19, 2014) (Sanctioning defendant

by excluding documents obtained by way of a subpoena defendant issued to a non-party after the close of discovery and which was not served on all parties).

## **CONCLUSION**

Cal Marine failed to timely disclose and produce to the United States Exhibits 5, 6, 17 and 22. Moreover, these documents were obtained by virtue of subpoenas Cal Marine improperly after the close of fact discovery and which it also failed to timely serve on the United States.   Consequently, these exhibits should be excluded from trial.


Dated:  February 12, 2024        TARA K. MCGRATH
                                 United States Attorney
                                 KATHERINE PARKER
                                 Assistant United States Attorney
                                 Chief, Civil Division

                                 BRIAN BOYNTON
                                 Principal Deputy Assistant Attorney General
                                 ERIC KAUFMAN-COHEN
                                 Attorney in Charge, West Coast Office
                                 Torts Branch, Civil Division, Admiralty

                                 */s/ Kyle Fralick*
                                 KYLE FRALICK
                                 Trial Attorney, West Coast Office
                                 Torts Branch, Civil Division, Admiralty
                                 U.S. Department of Justice

                                 Attorneys for Defendant
                                 United States of America

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 12, 2024, a true and correct copy of the foregoing UNITED STATES' MOTION *IN LIMINE* NO. 2 TO EXCLUDE NON-DISCLOSED EXHIBITS OBTAINED AFTER THE DISCOVERY DEADLINE was served electronically through CM/ECF on:

WALT PENNINGTON
wpennington@pennfirm.com
PENNINGTON LAW FIRM

Attorney for Plaintiff
CALIFORNIA MARINE
CLEANING, INC.


*/s/Kyle Fralick*
KYLE FRALICK