

U.S. Department of Justice

Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
San Francisco Field Office
P.O. Box 36028
San Francisco, CA 94102

(415) 436-6647
(415) 436-6632 Facsimile
kyle.fralick@usdoj.gov

Overnight Delivery:
450 Golden Gate Ave., Room 7.5395
San Francisco, CA 94102

November 22, 2023

<u>Via E-mail</u>

Mr. Walt Pennington
Pennington Law Firm
3304 30th Street
San Diego, CA 92104
Email: wpennington@pennfirm.com

      Re:    *California Marine Cleaning, Inc. v. U.S.*,
              USDC S.D. Cal., No. 3:22-cv-00741-LAB-BLM

Dear Mr. Pennington:

      Thank you for the meet and confer on November 22, 2023, during which we discussed Cal Marine's subpoenas to NASSCO and the City of San Diego sent November 3, 2023, and September 26, 2023, respectively.[1] These subpoenas seek *inter alia* Navy documents and information concerning its settlement of NASSCO's *Bonhomme Richard* fire Request for Equitable Adjustment ("REA"), emails and notes regarding the same, government expert opinions about the settlement, City of San Diego reports related to the *Bonhomme Richard* fire, and all communications between the City of San Diego Fire Department and U.S. Navy about the fire. These subpoenas are improper and must be withdrawn.

      As you're aware the fact discovery deadline in this case was March 6, 2023. ECF No. 8, ¶ 3. On August 29, 2023, Cal Marine moved to "amend the discovery scheduling order as a result of the government's grant of NASSCO's request for equitable adjustment." ECF No. 25. On October 2, 2023, noting Plaintiff's lack of diligence in conducting discovery including about the REA, the Court denied Cal Marine's motion. ECF No. 28.

---

[1] Further compounding the impropriety of these subpoenas, neither was served on the United States before apparently being served on the City of San Diego and NASSCO. The City of San Diego subpoena is dated September 26, 2023, but was not served on the United States until November 17, 2023, nearly two months later. The NASSCO subpoena is dated November 3, 2023, but was not served on the United States until November 16, 2023. This is expressly in violation of Fed. R. Civ. P. 45(a)(4), which requires notice of the subpoena to be served on each party *before* the subpoena is served on the person to whom it is directed.

Exhibit D, Page 1 of 3

Denied by the Court, a month later Cal Marine now seeks nearly the exact same fact discovery through a subpoena to a non-party. This is a clear attempt by Cal Marine to undermine the Court's order and abuse the rules of discovery to prejudice the United States before trial.

"Case law establishes that subpoenas under [Fed. R. Civ. P.] Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, LTD v. Merck KGaA,* 190 F.R.D. 556, 561 (S.D. Cal. 1999), citing *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.,* 177 F.R.D. 443, 445 (D. Minn. 1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); *Puritan Inv. Corp. v. ASLL Corp.,* 1997 WL 793569 (E.D. Pa. 1997) (where party could not show information sought was unknown during discovery, party could not use trial subpoena to secure production of documents at trial); *Rice v. United States,* 164 F.R.D. 556, 558 (N.D. Okla. 1995) (subpoenas duces tecum for particular records, issued to third parties after close of discovery for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period); *BASF Corp. v. Old World Trading Co.,* 1992 WL 24076 (N.D. Ill. 1992) (trial subpoenas quashed as improper discovery after close of appropriate time period).

Beyond the untimeliness of these subpoenas outside the fact discovery period set by the Court, they are manifestly aimed at securing for Cal Marine's advantage Navy documents which are privileged, exempt from disclosure, and/or contain sensitive government and business information requiring a protective order, which the Court has not issued in this case. Had Cal Marine's subpoena to NASSCO been properly made to the United States as a request for production of documents during fact discovery, the United States would have had these same well-founded objections to the information sought. Cal Marine's abuse of the discovery process in this respect denies the United States the rights afforded to parties by the Federal Rules of Civil Procedure.

For all these reasons, and others which will be elucidated to the Court if necessary, the United States demands Cal Marine withdraw its subpoenas to NASSCO and the City of San Diego. To the extent either entity has already responded to the subpoena and produced documents or information thereby, the United States further demands that Cal Marine destroy or return such information. The United States reserves all rights regarding any attempts to use this ill-gotten information at trial or any other proceeding in this action. If Cal Marine refuses to withdraw its subpoenas and return or destroy information now in its possession or which may come into its possession in the future by way of these subpoenas, the United States will immediately seek appropriate relief from the Court.

- 3 -

We would appreciate a response from Cal Marine by Monday, November 27th, so that the United States may, if necessary, seek the Court's timely intervention.

Very truly yours,

*/s/ Kyle Fralick*

Kyle Fralick
Trial Attorney
Dept. of Justice, Torts Branch
West Coast and Pacific Rim Office
Aviation, Space & Admiralty Litigation