PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535
(619) 940-6157
PENNFIRM.COM

November 24, 2023

Kyle Fralick, Esq.
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
San Francisco Field Office
P.O. Box 36028
San Francisco, CA 94102

            Re:    U.S. Dist. Court of California, Southern District
                    22-cv-00741-LAB-BLM

Dear Kyle:

    I'm writing in response to your letter of November 24, 2023. I'm available on Wednesday, November 29, 2023 after 9:30 a.m. for a call with the magistrate judge.

    You wrote,

> However, remaining is the issue concerning Cal Marine's possession and use of any documents or information provided to it in response to those subpoenas or on an informal basis outside the scope of the subpoenas.[1]

    I told you in our call last week that I received no documents in response to any subpoena. I've also told you that if I received any documents in response to a subpoena, which I do not expect, that I would destroy those documents.

    You wrote,

> Cal Marine's conduct of fact discovery after the discovery cut-off in this case, whether through subpoenas or informal requests to third parties, is improper and sanctionable.

    I disagree. Informal discovery is explicitly allowed by case law. The law on informal discovery is so clear, that the Rutter Guide on Federal Civil Procedure before Trial has a section on informal discovery.

> INFORMAL METHODS OF OBTAINING INFORMATION
> 1. [11:65] Informal Investigation vs. Disclosure/Discovery: There are several ways of obtaining relevant Information without relying on disclosures or discovery during litigation. These methods Include:
> — Interviewing client and nonparty witnesses;
> — reviewing documents or other evidence obtained from client or nonparty witnesses;
> — searching for publicly-available Information about the opposing party or the events underlying the lawsuit.
>
> 2. [11:66] Advantages: Informal Investigations have several distinct advantages over formal discovery.

Exhibit F, Page 1 of 3

      a. [11:67] No discovery limits: Investigations are not subject to the "hold" on discovery at the outset or the discovery "cut-off" before trial, [*In re JDS Uniphase Corp. Secur. Litig.* (ND CA 2002) 238 F.Supp.2d 1127, 1131—PSLRA's ban on early discovery (¶ 11:545 ff.) not applicable to Interviews with party's former employees]

      b. [11:68] No notice to opponent: The opposing party typically cannot prevent or Interfere with your informal investigation. Nor may the court preclude ex parte Interviews with witnesses who are willing to speak. [*See Wharton v. Calderon* (9th Cir. 1997) 127 F.3d 1201, 1205-1207]

(Wagstaffe, Fed. Civil Procedure Before Trial (The Rutter Group 2016) § 11:65-68, p. 11-7.) I've attached a copy of the Rutter Guide page for your review. The case law above is clear that CMC's actions in proper in having informal discussions and collecting documents are proper and that CMC does not need to inform the Government concerning any of these informal conversations.

      Your client provided no legal support that informal discovery is prohibited. If you have legal support that informal conversations and voluntary collections of documents are prohibited, and sanctionable, as you threatened in your letter, I would appreciate your client providing that support.

      I agree that formal discovery is not allowed. In our call, I told you that I had not received any documents from a subpoena. After you sent me your letter that subpoenas are prohibited after the discovery cutoff, I emailed you that I agreed with you and I provided you letters that all the subpoenas were withdrawn. I've told you my client is conducting no formal discovery. I've told you, and am now confirming with this letter that if I should receive documents in response to a subpoena that I will destroy those documents.

      Sincerely,

*/s/ Walt Pennington*

Digitally signed by: Walt Pennington
DN: CN = Walt Pennington email = wpennington@pennfirm.com C = US O = Pennington Law Firm
Date: 2023.11.26 21:41:34 -08'00'

Walt Pennington
wpennington@pennfirm.com

Enclosure

to some cases, a defendant in default should be treated as a nonparty for discovery purposes. [*Dreith v. Nu Image, Inc.* (9th Cir. 2011) 648 F3d 779, 787]

6. **[11:58] Early Conference With Opposing Party; Scheduling Order:** An early conference with opposing parties is required to discuss issues relating to discovery. The parties are jointly responsible for developing a proposed discovery plan for inclusion in a scheduling order following the initial status conference (¶15:4). [FRCP 26(f)]

*Cross-refer:* Early meeting and status conference requirements are discussed in detail at ¶15:8 ff.

[11:59-64] *Reserved.*

## B. INFORMAL METHODS OF OBTAINING INFORMATION

1. **[11:65] Informal Investigation vs. Disclosure/Discovery:** There are several ways of obtaining relevant information without relying on disclosures or discovery during litigation. These methods include:
   — interviewing client and nonparty witnesses;
   — reviewing documents or other evidence obtained from client or nonparty witnesses;
   — searching for publicly-available information about the opposing party or the events underlying the lawsuit.

2. **[11:66] Advantages:** Informal investigations have several distinct advantages over formal discovery.

   a. **[11:67] No discovery limits:** Investigations are not subject to the "hold" on discovery at the outset or the discovery "cut-off" before trial. [*In re JDS Uniphase Corp. Secur. Litig.* (ND CA 2002) 238 F.Supp.2d 1127, 1131—PSLRA's ban on early discovery (¶11:545 ff.) not applicable to interviews with party's former employees]

   b. **[11:68] No notice to opponent:** The opposing party typically cannot prevent or interfere with your informal investigation. Nor may the court preclude ex parte interviews with witnesses who are willing to speak. [See *Wharton v. Calderon* (9th Cir. 1997) 127 F3d 1201, 1205-1207]

   c. **[11:69] Cooperative witnesses:** Where nonparty witnesses are cooperative, documents and information may be obtained quickly and inexpensively (as compared to formal discovery via depositions and subpoenas).

   ⇨ **[11:70] PRACTICE POINTER:** The first party to contact a nonparty often obtains the advantage of being able to frame the issues in a manner that makes the nonparty more likely to support that party's case and may foster a cooperative relationship with counsel. In some cases, you may also be able to obtain a written statement that can be used for impeachment if necessary.

Exhibit F, Page 3 of 3