TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
KYLE FRALICK
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
         (415) 436-6647
E-mail: eric.kaufman-cohen@usdoj.gov
        kyle.fralick@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC., <br> Plaintiff, <br> vs. <br> UNITED STATES OF AMERICA, THROUGH THE DEPARTMENT OF THE NAVY, <br> Defendant. | Case No.: 3:22-cv-00741-LAB-BLM <br><br> In Admiralty <br><br> UNITED STATES' MOTION *IN LIMINE* NO. 5 TO PRECLUDE KIRK BOETTNER AND HENRY DUENAS FROM PRESENTING EXPERT TESTIMONY AT TRIAL |

The United States moves for an order precluding California Marine Cleaning, Inc. ("Cal Marine") witnesses Kirk Boettner and Henry Duenas from providing expert testimony at trial.[1] Plaintiff did not disclose any expert witnesses, retained or non-retained, during the time set by the Court for expert disclosures. Moreover, in the pretrial order lodged by the parties Cal Marine specifically represented to the Court that it has no expert witnesses. (See Proposed Pretrial Order lodged with the Court on January 2, 2024, p. 7, ¶ b.: "Plaintiff's Expert Witnesses – None.").

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

Expert designations in this case were due on February 3, 2023, and rebuttal expert designations were due on February 21, 2023. ECF No. 8, ¶ 4. The deadline applied to both retained and non-retained experts. *Id.* Expert disclosures were due March 31, 2023. *Id.* at ¶ 5. The Court's Scheduling Order warns: "Any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial." *Id.*

On February 3, 2023, the United States designated one retained expert and Cal Marine did not designate any experts. Attached hereto as Ex. "A" to the Declaration of Kyle Fralick (hereafter "Fralick Declaration"). On March 31, 2023, the deadline for witness disclosures, Cal Marine served on the United States a "Designation of Non-Retained Experts" that listed Henry Duenas and Kirk Boettner, both of whom are Cal Marine employees. *See* Exhibit "B" to the Fralick

---

[1] For the sake of clarity and good order, the United States observes that this motion becomes moot with respect to Mr. Duenas if the Court grants the United States separate Motion *in Limine* No. 3, regarding the late disclosure of fact witnesses and excludes Mr. Duenas from presenting any evidence at trial.

Declaration.[2]  The United States immediately objected to Cal Marine's late designations. *See* Exhibit "C" to the Fralick Declaration. Counsel for Plaintiff then contacted the Court for a discovery conference regarding this and other unrelated expert issues, but the Court ordered the parties to meet and confer to define the parameters of the dispute more clearly. *See* ECF No. 16.  Thereafter the parties resolved the expert issues except for Cal Marine's failure to designate its non-retained experts by the Court's deadline, which issue, as will be seen below, Cal Marine did not raise again until many months later.

Following denial of the United States' Motion to Dismiss on July 26, 2023, the Court scheduled a Case Management Conference and ordered the parties to meet and confer then file a Joint Discovery Plan by August 9, 2023. *See* ECF No. 19. The parties met and conferred in early August, during which Cal Marine raised the issue of its late non-retained expert designations and the United States maintained its objection. *See* Exhibit "D" to the Fralick Declaration (email memorializing issues remaining from meet & confer).  Due to delayed communications, the parties were not able to file a Joint Discovery Plan as ordered by the Court but instead filed individual discovery plans. *See* ECF Nos. 20 and 21.  In its proposed discovery plan, Cal Marine requested "…that all previously filed expert witnesses are deemed timely filed…" ECF No. 21 at ¶ 1.

In accordance with its earlier minute entry (ECF No. 19), the Court held a Case Management Conference on August 17, 2023. *See* ECF No. 22. During the conference, the Court advised Cal Marine that it could not deem timely all previously filed expert witnesses as Cal Marine had requested in its discovery plan, and that Cal Marine would have to file a motion requesting such relief. Cal Marine

---

[2] The United States' notes that Cal Marine's non-retained expert designations are dated August 31, 2023, which appears to be a typographical error.  Cal Marine emailed the designations to the United States on March 31, 2023.

has never filed such a motion, which the Court observed in its order denying Cal Marine's subsequent request to reopen discovery. *See* ECF 28, FN 1. Though Cal Marine never filed such a motion, it included both Mr. Duenas and Mr. Boettner in its Pretrial Disclosure "Witness List" filed on December 4, 2023. *See* ECF No. 30.[3]

# DISCUSSION

## I. Messrs. Duenas and Boettner Were Not Designated as Experts And Therefore They Must be Precluded From Offering Expert Testimony at Trial Under Fed. R. Civ. P. 37(c).

In admiralty actions, the measure of damages encompasses issue of market value, replacement value, salvage value, "old for new" valuation and reduction to present value. Accordingly, "[e]xpert witnesses are frequently used to establish value." 2 Admiralty & Mar. Law § 14:7 (6th ed.) Cal Marine did not designate Duenas and Boettner as experts to opine on damages. Consequently, the Court should preclude them from offering expert testimony on damages under Fed. R. Civ. P. 37(c)(1), which states: "*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

---

[3] Cal Marine failed to timely designate Mr. Duenas as an expert and otherwise has never disclosed him as a witness at all until its December 4th Pretrial Disclosures. If the Court denies the United States' separate Motion *in Limine* to completely exclude Mr. Duenas from trial and allows Mr. Duenas to testify, the Court must guard against expert evidence cloaked in lay testimony. *See e.g., Joshua David Mellberg LLC v. Will,* 386 F. Supp. 3d 1098, 1109 (D. Ariz. 2019) ("The Court believes Plaintiffs are fully aware that Mr. Crooks's testimony is properly situated as expert testimony and have introduced him in as a lay witness to circumvent the long-expired expert witness deadline. Not only is Plaintiffs' strategy concerning, their attitude with respect to their late disclosure by claiming it is "only 4 months" late is troublesome. Deadlines are in place to be respected.").

Fed. R. Civ. P. Rule 26(a)(2) governs disclosure of expert testimony and in pertinent part requires parties to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, the Court ordered the following timing and sequence of Rule 26(a)(2) expert disclosures (ECF No. 8):

| | |
|---|---|
| February 3, 2023: | Expert Designations |
| February 21, 2023: | Rebuttal Expert Designations and contradictory or rebuttal evidence under Rule 26(a)(2)(D) |
| March 31, 2023: | Expert Disclosures |

Cal Marine did not designate any experts on February 3 nor any rebuttal experts on February 21. Additionally, it did not list any expert in the parties' proposed pretrial order. In *Foremost Ins. Co. Grand Rapids, Michigan v. Enriquez*, Judge Bartick applied Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1) to exclude the reports and testimony of the plaintiff's experts when plaintiff failed to timely designate the experts under the Scheduling Order, stating:

> The Court finds Foremost's designation of Mr. Wollitz and Mr. Bunn is untimely under the Court's Scheduling Orders. The Court issued a Scheduling Order on November 8, 2013. Under that order, all expert designations, including any supplemental designations were due no later than April 11, 2014. The expert designations deadlines have never been extended by the Court. Although the Court did amend the Scheduling Order several times the Amended Scheduling Orders only extended the expert *disclosures* deadlines and subsequent dates. Notably, at the time the Court first amended the Scheduling Order, the deadlines for designating expert witnesses had already passed. The Court has never received a specific request from the parties to reopen or extend the expert designations deadlines. Therefore, the time for the parties to designate experts expired on April 11, 2014....
>
> Based on the facts and progression of this case, the Court finds Foremost's designation of Mr. Wollitz and Mr. Bunn is untimely, and therefore, Mr. Wollitz and Mr. Bunn's expert reports must be excluded

under Rule 37(c)(1). Accordingly, Foremost (in both its capacity as Plaintiff and Counter-Defendant) is disallowed from supplying evidence in the form of Mr. Wollitz's and Mr. Bunn's expert reports and/or testimony at any hearing or at trial.

*Foremost Ins. Co. Grand Rapids, Michigan v. Enriquez*, 2015 WL 11537913, *4-*5 (S.D. Cal. March 20, 2015) (internal citations omitted).

Here, as in *Foremost*, the Court never extended the expert designation deadline. Also like in *Foremost*, this Court has "never received a specific request from the parties to reopen or extend the expert designations deadlines." *Id.* In its proposed discovery plan, Cal Marine obliquely asked for such relief, but the Court appropriately advised Cal Marine to file a motion specifically requesting such relief, which Cal Marine never did.

What's more, when Cal Marine improperly attempted to designate its experts on March 31, Counsel for the United States immediately informed Counsel for Cal Marine that it believed that plaintiff's designation of Duenas and Boettner was late and violated the Court's Scheduling Order. Plaintiff then failed to seek leave of Court to designate experts after the deadline even though it was on notice of its failure to timely designate experts. Plaintiff still has never provided any explanation why the experts were not timely designated.

This is precisely the kind of situation that warrants exclusion – an overt violation of the Court's Scheduling Order, coupled with a failure to seek leave of court to designate these two experts, even though the United States told plaintiff of the violation and the Court gave Cal Marine an opportunity to file a motion on the matter.

In *Foremost,* Judge Bartick explained: "Rule 37(c)(1) gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for

disclosure." *Foremost Ins. Co.,* 2015 WL 11537913 at *3 (internal citations omitted). Cases in this District holding similarly are legion. *See e.g., Adan v. Insight Investigations, Inc.,* 2017 WL 4244877 (S.D. Cal. Sept. 25, 2017) (Excluding expert testimony and reports that were not disclosed by the deadline in the court's scheduling order); and *Martinez v. Costco Wholesale Corp.,* 336 F.R.D. 183, 191 (S.D. Cal 2020) (Striking plaintiff's untimely supplemental expert report and stating that the court "refuses to legitimize Plaintiff's careless approach to discovery" by setting a new expert report deadline).

Finally, dispelling any doubt about the proper remedy, in the Scheduling Order this Court made it abundantly clear that exclusion is designed to ensure that parties – such as plaintiff – do not disregard a court-ordered deadline absent substantial justification. *See* ECF No. 8, ¶5. Cal Marine has offered no justification for its improper and untimely expert designations, let alone substantial justification, so it should be precluded at trial from offering any expert testimony or evidence from Duenas or Boettner.

**II. The Witnesses May Also Be Excluded Under Fed. R. Civ. P. 16.**

For the sake of completeness, the United States notes that courts in this District have also analyzed violations of scheduling orders and the failure to designate experts under the standards of Rule 16(b). In *Fidelity National Financial, Inc. et al. v. National Union Fire Insurance Company,* Magistrate Judge Crawford compared the standards under Rule 16(b) and Rule 37 and determined that they are "largely coextensive," but (without citing Judge Bartick's then recent decision in *Foremost*) analyzed the issue under Rule 16(b) and denied the motion to amend the scheduling order. The Court stated:

> … Furthermore, after comparing Rule 16(b) to Rule 37(c), this Court finds that the factors are largely coextensive. Whereas Rule 16(b) directs a District Court to evaluate (1) the moving party's diligence, and (2) prejudice, Rule 37(c) directs a District Court to assess (1) whether the moving party has shown 'substantial justification,' and (2)

harm. *Compare Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (interpreting Rule 16(b)) *with* Fed. R. Civ. P. 37(c). For these reasons, this Court will join its sister court in this District and treat NU's request as a Motion to Amend the Scheduling Order under Rule 16(b). *See Park,* 2009 WL 4057888, at *2.

Rule 16(b) states that 'good cause' is required to amend a Scheduling Order. FED. R. CIV. P. 16(b)(4). As explained by the Ninth Circuit:

> Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' FED. R. CIV. P. 16 advisory committee's notes (1983 amendment).... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted); *see also Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

*Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 308 F.R.D. 649, 652 (S.D. Cal. 2015) (citations in original).

    The Ninth Circuit's *Johnson* decision, cited by Magistrate Judge Crawford, also rejected the argument that "extraordinary circumstances" should offer reprieve from a party's failure to exercise diligence, holding that while the district court had not defined "extraordinary circumstances,"

> … it is clear that it was not intended to be a less rigorous standard than good cause. The words belie that possibility. Moreover, were it a lesser standard, a party would, in effect, be able to obtain an amendment of the cut-off date without a showing of good cause. That would violate the spirit of Rule 16 itself and nothing suggests that the parties or the court intended such a thing.

*Johnson,* 975 F.2d at 610. In this case, plaintiff cannot argue that it was diligent, especially in view of the facts that (1) the United States notified Cal Marine its expert designations were made after the deadline, (2) the Court told Cal Marine it had to file a motion for appropriate relief regarding its untimely expert designations, and (3) separately this Court found Cal Marine has not been diligent in its conduct of discovery in this case. *See generally* ECF No. 28 (Discussing throughout Plaintiff's lack of diligence while considering Plaintiff's motion to reopen discovery). Despite every opportunity do so, Cal Marine nevertheless still failed to seek relief regarding the designation of its experts. To quote the Ninth Circuit in *Johnson,* "If that party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609.

## **CONCLUSION**

Plaintiff failed to designate experts by the deadline set by the Court. Nor did it identify expert witnesses in the parties proposed pretrial order. Accordingly, the Court should preclude either Duenas or Boettner from offering expert testimony on damages at trial. Circuit Judge Fernandez's parting observations in *Johnson* are particularly appropriate for this case: "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed upon course of litigation, and reward the indolent and the cavalier." *Johnson,* 975 F.2d at 610.

//
//
//
//
//
//
//
//
//
//

Dated: February 12, 2024

TARA K. MCGRATH  
United States Attorney  
KATHERINE PARKER  
Assistant United States Attorney  
Chief, Civil Division

BRIAN BOYNTON  
Principal Deputy Assistant Attorney General  
ERIC KAUFMAN-COHEN  
Attorney in Charge, West Coast Office  
Torts Branch, Civil Division, Admiralty

*/s/ Kyle Fralick*  
KYLE FRALICK  
Trial Attorney, West Coast Office  
Torts Branch, Civil Division, Admiralty  
U.S. Department of Justice

Attorneys for Defendant  
United States of America

# CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2024, a true and correct copy of the foregoing UNITED STATES' MOTION *IN LIMINE* NO. 5 TO PRECLUDE KIRK BOETTNER AND HENRY DUENAS FROM PRESENTING EXPERT TESTIMONY AT TRIAL was served electronically through CM/ECF on:

WALT PENNINGTON
wpennington@pennfirm.com
PENNINGTON LAW FIRM

Attorney for Plaintiff
CALIFORNIA MARINE CLEANING, INC.

                           */s/Kyle Fralick*
                           KYLE FRALICK