TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
KYLE FRALICK
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
          (415) 436-6647
E-mail: eric.kaufman-cohen@usdoj.gov
        kyle.fralick@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC., | Case No.: 3:22-cv-00741-LAB-BLM |
| Plaintiff, | In Admiralty |
| vs. | |
| UNITED STATES OF AMERICA, THROUGH THE DEPARTMENT OF THE NAVY, | UNITED STATES' MOTION *IN LIMINE* NO. 6 TO EXCLUDE THE NAVY'S COMMAND INVESTIGATION AND MAJOR FIRES REVIEW |
| Defendant. | |

The United States moves to exclude from trial the Navy's report of investigation into the facts and circumstances of the fire onboard *USS Bonhomme Richard* (hereafter "BHR Command Investigation") and its "Major Fires Review." In contravention of Fed. R. Evid. 802 and 805, the Navy's 434-page command investigation and 60-page Major Fires Review both contain inadmissible hearsay and hearsay-within-hearsay. Additionally, any probative value of either document is substantially outweighed by the danger of unfair prejudice and confusion of the issues, so each should be excluded under Fed. R. Evid. 403.

**PROCEDURAL BACKGROUND AND RELEVANT FACTS**

On August 30, 2022, Plaintiff, California Marine Cleaning, Inc. ("Cal Marine"), served its initial disclosures on the United States. (Attached hereto as Exhibit "A" to the Declaration of Kyle Fralick) (hereafter "Fralick Declaration"). Exhibits 33 and 34 to Cal Marine's initial disclosures are titled "Major fires review dated 2021 07 15" and "Department of the Navy command investigation in the BHR fire dated 2021 09 15," respectively. *Id.* at 3 (Attached hereto as Exhibits "B" and "C" to the Fralick Declaration). Cal Marine identified these same documents in its pretrial disclosures (ECF No. 29, Ex. Nos. 1 and 19) and in the proposed pretrial order lodged with the Court on January 2, 2024.

The command investigation is an internal Navy investigation and report on the *Bonhomme Richard* fire that spans nearly 400 pages of text, diagrams, and figures divided into six chapters and 11 appendices. The report contains 1226 findings of fact, 242 opinions, and 134 recommendations (not including subparts). In addition to the report itself, there are more than 30 references and over 1100 enclosures. The command investigation is signed by VADM Scott D. Conn, USN, who was assisted in the investigation by 77 Navy uniformed and civilian personnel.

The Major Fires Review is an internal Navy 60-page "deep dive" into the historical record of 15 different major fire events that occurred in the Navy over a 12-year period from 2008 to 2020. The Major Fires Review makes various findings

and recommendations common to some or all of the 15 incidents. However, unlike the command investigation, the Major Fires Review is unsigned, does not contain any enclosures, and its findings and recommendations are generally not specific to any one incident or fire.

## DISCUSSION

### I. The Court Should Exclude Both the BHR Command Investigation and Major Fires Review as They Both Contain Hearsay Within Hearsay and the Probative Value of the Reports is Substantially Outweighed by the Danger of Unfair Prejudice and Confusion of the Issues.

As discussed above, The BHR Command Investigation is an internal Navy investigation and report on the *Bonhomme Richard* fire that encompasses nearly 400 pages of text, diagrams, and figures divided into six chapters and 11 appendices. The report contains 1226 findings of fact, 242 opinions, and 134 recommendations (not including subparts). In addition to the report itself, there are more than 30 references and over 1100 enclosures. The Major Fires Review is an internal Navy 60-page historical review of 15 different major fire events that occurred in the Navy over a 12-year period from 2008 to 2020. The Review is unsigned, and its findings and recommendations are generally not specific to any one incident or fire.

The most detailed and helpful discussion of the admissibility of accident reports drafted by a government agency and the rule against the admission of hearsay comes from the United States District Court, District of Puerto Rico, in that court's holding in *Echevarria v. Caribbean Aviation Maint. Corp.,* 839 F. Supp. 2d 464 (D.P.R. 2012).

In *Echevarria* relatives of a passenger killed in a helicopter crash brought a wrongful death action against the helicopter's manufacturer, maintenance provider, and others. Prior to trial, the plaintiffs moved *in limine* to allow evidence of prior accidents involving the manufacturer's helicopters and National Transportation

Safety Board Factual Accident Reports ("NTSB"). Defendants moved to preclude evidence of prior accidents and the NTSB reports. In ruling to exclude the NTSB reports the court held:

> However, even Factual Accident Reports have been ruled inadmissible because the reports contain hearsay, require the court to sift through the documents in order to determine their trustworthiness, and because their prejudicial value was not outweighed by their probative value as per Rule 403. *See John McShain, Inc. v. Cessna Aircraft Co.*, 563 F.2d 632, 635–36 (3d Cir.1977*); McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir.1981)(holding reports properly excluded from evidence because of inadmissible hearsay, double hearsay, and untrustworthiness). As stated in *Cessna* and cited by the First Circuit in *McKinnon*, "The Advisory Committee's Notes make clear that Federal Rule of Evidence 803(8) exempts from the hearsay rule only reports by officials; and of course the pilots and other witnesses are not officials for this purpose. Moreover, the memoranda submitted to the government by its investigators often contained statements from witnesses which would make such memoranda encompass double hearsay." *Cessna*, 563 F.2d at 636. Reports that contain multiple statements of hearsay or double hearsay, even if written by an official, can be excluded based on the hearsay rule or through the trial court's discretion rooted in Rule 403. *See Cessna*, 563 F.2d at 636–37 (holding exclusion of reports due to hearsay, prejudice, and potentially because of delay incurred by discussing each prior instance at trial).

*Echevarria*, 839 F. Supp. 2d at 466.

The court went on to find that:

After reviewing the four reports in question, the court notes the abundance of hearsay throughout each report, making it arduous to discern whether the statements are admissible or not. The reports contain multiple statements from pilots, mechanics, and eye witnesses who will not be testifying at trial. Additionally, the court notes the amount of time it would necessarily take to weed out the factual statements from these reports. The hearsay contained in these reports is inadmissible. The time it would take the court to make these determinations, combined with the potential prejudice to the

Defendants regarding the existence of past accidents, makes the prejudicial value outweigh the probative value to the Plaintiffs. *Echevarria,* 839 F. Supp. 2d at 467.

The two reports at issue here, as with the report(s) the court in *Echevarria* was tasked with reviewing on motions *in limine,* contain hearsay within hearsay of numerous individuals who were not "officials" for this purpose of Fed. R. Evid. 803(8) and who will not be testifying at trial. And, as with *Echevarria,* the admission of the two reports would require the Court to sift through hundreds, if not thousands, of pages of documents in order to determine their trustworthiness. The time it would take the court to do so, combined with the potential prejudice to the United States, makes the prejudicial value of the reports outweigh the probative value to the Plaintiff.

> **A. The Court Should Exclude the two Reports as Their Probative Value is Substantially Outweighed by the Prejudice to the United States and Admissions of the Reports Will Confuse the Issues to be Tried.**

Fed. R. Evid. 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues…" Both will occur if the BHR Command Investigation and Major Fires Review are admitted at trial.

With respect to unfair prejudice, both documents are technical in nature regarding the circumstances of the fire on the *USS Bonhomme Richard* and other ships, as well as to the extent of the Navy's procedural compliance with a large variety of technical publications, internal regulations, policies, and other procedures. Without an expert to explain and present this information – which Cal Marine does not have – there is a significant likelihood that the wide of range of issues discussed in these reports, many of which are wholly unrelated to the

question of the Government's negligence in the loss of Cal Marine's property, will unfairly prejudice the Government.

For example, the Major Fires Review looks at 14 other fire incidents in the Navy which are entirely separate and unrelated incidents to the *USS Bonhomme Richard* fire. The report does not discuss the *Bonhomme Richard* fire in any significant detail so Cal Marine's only apparent reason to offer this exhibit appears to be so that the Court will draw a negative inference against the Navy in the *Bonhomme Richard* fire based on previous fire incidents.

The same danger exists with the BHR Command Investigation. As an initial problem, Cal Marine has not identified which portion(s) of the report it seeks to admit. Spanning almost 400-pages, the report examines a huge range of topics which may not be relevant to this case and, just as important, may lead the Court to draw unfair prejudice against the Navy.

Similarly, the lack of expert of testimony at the trial regarding these reports and the wide range of subjects each examines will inevitably lead to confusion of the issues. In the Major Fires Review, without a fire expert to make a factual connection between the facts and circumstances of other Navy fire incidents and the facts and circumstances of the *Bonhomme Richard* fire, the previous incidents are irrelevant and confusing. So too for the BHR Command Investigation, which contains a huge amount of detailed factual findings about aspects of the incident which are apparently unrelated to the Navy's alleged negligence. Without an expert to aid the Court in sifting through and identifying the critical facts to the Navy's negligence, or lack thereof, the Court will be performing this task on its own. Given the amount of information the Court will have to examine and weigh without the benefit of an expert, there is a high likelihood of confusion of the issues.

For these reasons, even if the Court is inclined to find the BHR Command Investigation and Major Fires Review are admissible as non-hearsay or under a hearsay exception it should nonetheless exclude these reports under Fed. R. Evid

403. Cal Marine has failed to present an expert to help the Court aid in its understanding of two long and complex documents it will offer at trial. Because of the nature of these report and their sweeping breadth, without the help of an expert the reports unfairly prejudice the United States and will tend to confuse the issue of the Navy's negligence. Accordingly, the Court should exclude them from trial.

### B. The Reports Are Not Statements of a Party Opponent Because the Declarants are Not Identified and Their Statements are Missing.

Fed. R. Evid. 801(d)(2) exempts from the rule against hearsay statements of an opposing party in certain circumstances. These include when the statement: (1) is made by the party in an individual or representative capacity; (2) is one the party adopts or believes to be true; (3) was made by someone with authority for the party; or (4) was made by party's agent or employee within the scope of the relationship. Analyzing whether any of these circumstances apply necessarily entails knowing who the speaker is and knowing what the speaker said. If the speaker is unknown, we cannot know whether the statement was made by someone in an individual or representative capacity, whether the speaker had authority to speak for the party, or whether in the case of agents and employees, the speaker was acting within the scope of the relationship in making the statement. *See e.g., Hurd v. United States,* 134 F. Supp. 2d 745, 749 (D. S.C. 2001) (Admitting against the United States statements of *known* U.S. Coast Guard employees made during an investigation.). Further, if the speaker's statement is not available its impossible to know whether the party adopted it or believed it to be true. *See e.g., Sea-Land Service, Inc. v. Lozen Intern., LLC.,* 285 F.3d 808, 821 (Holding an internal company memo was an admission of a party opponent, but only after finding the memo identified its author and the scope of his employment through the electronic signature on the document.). *Cf. Wilson v. City of Los Angeles,* 2020 WL 7711836 (C.D. Cal. July 20, 2020) (Observing that under Fed. R. Evid. 901(a) a proponent of evidence has the burden to demonstrate the evidence is what the proponent claims it is, and that

out-of-court statements may be incapable of authentication or rendered irrelevant where the speaker is not identified.).

In this case many of the findings of fact cited in the BHR Command Investigation rely on witness interviews or other evidence that is absent from the report. Without this information, we have no idea who the speakers are that provided those statements or even what they said. So, while the BHR Command Investigation was signed by a Navy official, the missing statements and identities of the hundreds of individuals providing the information for the report makes is impossible to examine the relationship between the witnesses and the statements which Cal Marine is offering against the United States. We do not know in what capacity the person was speaking, what their authority was to speak on the matter, nor whether they were speaking within the scope of any relationship to the Navy. Without that information, Cal Marine cannot lay a foundation for the Court to examine whether any of the conditions listed in Fed. R. Evid. 802(d)(2) are satisfied and enable it to conclude that the BHR Command Investigation is a statement of a party opponent.

The Major Fires Review is similarly problematic. Unlike the BHR Command Investigation, the Major Fires Review is unsigned and contains only a few oblique references to the identify of its author(s). Without this information, the Court cannot assess whether the conditions in Fed. R. Evid. 802(d)(2) are present. Thus, like the BHR Command Investigation, Cal Marine cannot lay a foundation for it being admitted as a statement of a party opponent and it should not otherwise be admitted unless an exception to the hearsay rule applies.

### C. The Reports are Public Records but Are Unreliable and Should Not Be Admitted Under this Exception.

Because the BHR Command Investigation and Major Fires review are not statements of a party opponent, they are hearsay and inadmissible absent an applicable hearsay exception. However, the most appropriate hearsay exception for

these reports, Fed. R. Evid. 803(8) (the Public Records Exception), does not apply because the records are untrustworthy.

In pertinent part, Fed. R. Evid. 803(8) creates an exception to the hearsay rule for statements or records of a public office which set out "a matter observed while under a legal duty to report…" or in a civil case against the government, as here, "factual findings from a legally authorized investigation…" However, the exception only applies when the party opposing "does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). *See also Montiel v. City of Los Angeles,* 2 F.3d 335, 341-42 (9th Cir. 1993) (Defendant had the burden to establish evidence offered under 803(8) was untrustworthy.).

With respect to the BHR Command Investigation, the factual findings are from an internal investigation authorized by the U.S. Navy, but every finding of fact is based on one or more sources of information which are not included or reproduced in the report. In many cases this hearsay-within-hearsay is from the statements of witnesses who are not identified. Without this information, it's impossible to assess the trustworthiness of the witness, the statement the witness provided, or the facts or conclusions made therefrom that are included in the report. *See e.g., Gilmore v. Palestinian Self-Government Auth.,* 53 F. Supp. 3d 191, 203 (D.D.C. July 28, 2014) (Excluding as untrustworthy Israeli government reports because the court could not discern the sources of the information in the reports or whether they set out matters personally observed by any Israeli official); *see also Miller v. Field,* 35 F.3d 1088, 1091 (6th Cir. 1994) ("A statement of a third party is plainly not admissible merely because contained in a police report.") (citation omitted). Accordingly, the BHR Command Investigation is not trustworthy and should not be admitted under the Public Records exception to the hearsay rule.

The Major Fires Review is similarly untrustworthy. This report cites *no* sources for its factual findings and conclusions. So, like the BHR Command

Investigation it's impossible to assess the trustworthiness of the sources of information that contributed to the report. For this reason, it too should not be admitted under the Public Records exception to the hearsay rule.

## **CONCLUSION**

The BHR Command Investigation and Major Fires Review are largely based on the statements of witnesses that are not identified, and which are not included with the report. As such, they cannot be statements of party opponent admissible under Fed. R. Evid. 801(d)(2). For the same reason, these reports also do not satisfy the Public Records exception to the rule against hearsay because without knowing the identity of the declarants of having their statements, the Court cannot fairly assess the trustworthiness of the reports. Finally, even if otherwise relevant and admissible, the Court should nonetheless exclude the reports because without expert testimony the danger of unfair prejudice and confusion of the issues significantly outweighs the probative value of the reports.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

Dated: February 12, 2024

TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
Torts Branch, Civil Division, Admiralty

*/s/ Kyle Fralick*
KYLE FRALICK
Trial Attorney, West Coast Office
Torts Branch, Civil Division, Admiralty
U.S. Department of Justice

Attorneys for Defendant
United States of America

# CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2024, a true and correct copy of the foregoing UNITED STATES' MOTION IN LIMINE NO. 6 TO EXCLUDE THE NAVY'S COMMAND INVESTIGATION AND MAJOR FIRES REVIEW was served electronically through CM/ECF on:

WALT PENNINGTON
wpennington@pennfirm.com
PENNINGTON LAW FIRM

Attorney for Plaintiff
CALIFORNIA MARINE CLEANING, INC.

/s/Kyle Fralick
KYLE FRALICK