**WALT PENNINGTON SBN 214470**
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for California Marine Cleaning, Inc., Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC.<br>　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>　　　Defendant. | Case No. 3:22-cv-00741-JO-BLM<br><br>PLAINTIFF CALIFORNIA MARINE CLEANING'S EX PARTE MOTION TO ALLOW A RULE 104 HEARING CONCERNING THE ADMISSION OF AN OPPOSING PARTY'S STATEMENT (FRE 801 (d)(2)) AND TO ADMIT PUBLIC RECORDS (FRE 803 (8)); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge:　　　Jinsook Ohta |

Plaintiff California Marine Cleaning, Inc.'s files this ex parte application to seek a hearing under Federal Rule of Evidence 104 concerning:

1. The admission into evidence the statement of a party opponent under Federal Rule of Evidence 801 (d) (2.) The opposing party's statement consists of the five and one-half pages of the Executive Summary as part of the 434 pages of the Vice Chief of Naval operations final endorsement of the United States Navy Command Investigation

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

into the Fire Aboard USS Bonhomme Richard (LHD-6) 12 July 2020. (ECF 52-7, pp. 20-25.)

2. The admission of a public report under Federal Rule of Evidence 803 (8) is the 434 pages of the Vice Chief of Naval operations final endorsement of the United States Navy Command Investigation into the Fire Aboard USS Bonhomme Richard (LHD-6) 12 July 2020 ("BHR July 2020 Fire Report.") (ECF 52-7, pp. 2-435.)

On April 30, 2024, before filing this motion, Plaintiff's counsel had a call with Defendant's counsel Kyle Fralick to determine if Defendant would stipulate to admission of the five and one-half pages of the Executive Summary or the 434 page BHR July 2020 Fire Report. Defendant would not stipulate to the admission of either document. (Dec. of Walt Pennington ¶ 2.)

Plaintiff's counsel then asked if Defendant would stipulate to the authenticity, or relevance of the Executive Summary or BHR July 2020 Fire Report. Defendant would not stipulate. (Dec. of Walt Pennington ¶ 3.) Plaintiff's counsel asked if Defendant would stipulate that the Executive Summary and BHR July 2020 Fire Report were not hearsay. Defendant would not stipulate. (Dec. of Walt Pennington ¶ 3.)

During the April 30, 2024 telephone call, Plaintiff's counsel told Defendant's counsel that Plaintiff would seek a Rule 104 hearing and would be filing a motion. (Dec. of Walt Pennington ¶ 4.)

It is Plaintiff's counsel's understanding that Defendant will oppose the admission into evidence of the five and one-half page Executive Summary and the 434 page BHR July 2020 Fire Report. (Dec. of Walt Pennington ¶ 5.)

The admission of the report into evidence will be dispositive. A Rule 104 hearing
/ / /
/ / /
will all both parties to brief the issue concerning the admissibility of the report, and allow the Court an opportunity to read the briefs, case law and hear arguments.

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

May 1, 2024

s/ Walt Pennington SBN 214470
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for California Marine Cleaning, Inc., Plaintiff*

PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535

Page 3 of 6

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTS

The dispositive issue at trial concerning liability will be the admission into evidence of the five and one-half pages of the Executive Summary (ECF 52-7, pp. 20-25.) from the United States Navy Command Investigation into the Fire Aboard USS Bonhomme Richard (LHD-6) 12 July 2020 ("BHR July 2020 Fire Report") as an opposing party's statement and the BHR July 2020 Fire Report as a public record (ECF 52-7, pp. 2-435).

Even though the report is on the United States Navy's website and Defendant produced the document in its discovery to Plaintiff, Defendant contests the authenticity of the BHR July 2020 Fire Report.

Plaintiff seeks a hearing under Federal Rule of Evidence 104 concerning the admission of the BHR July 2020 Fire Report Executive Summary as a statement of an opposing party and the entire BHR July 2020 Fire Report.

## ARGUMENT

Plaintiff California Marine Cleaning, Inc. ("CMC") moves that the Court admit:

1. The five and one-half pages of the Executive Summary of the BHR July 2020 Fire Report as an opposing party's statement. (Fed. R. Evid. 801 (d)(2)(A, C, and D; ECF 52-7, pp. 20-25 of 435).

2. The 435 pages of the BHR July 2020 Fire Report as a public record. (Fed. R. Evid. 803 (8)(A).

Without a Federal Rule of Evidence 104 hearing, the Court will hear the argument on the first day of trial. Both parties will have briefed the issue, but the Court will not have the time to read the cases and consider the rules and case law. A Rule 104 hearing will provide an orderly opportunity for the Court to consider the parties'

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

arguments and law.

## I. RELEVANCE. (FED. R. EVID. 401.)

Both the BHR July 2020 Fire Report and the Executive Summary contains the factual findings of the Navy's investigation into the five day fire on the USS Bonhomme Richard. The standard under Rule 401 is "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." (Fed. R. Evid. 401.)

## II. THE EXECUTIVE SUMMARY AND REPORT ARE RELIABLE. (FED. R. EVID. 901.)

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Evid. 901.)

The report is authored by the Navy. The report is found on the Navy's website. The report was produced by Defendant in discovery and is listed on Defendant's initial disclosures. "2. Navy Command Investigation into BHR fire, dated September 15, 2021." (ECF 52-14, p. 5:10-11, Section II, ¶ 2.) Documents produced in discovery are authentic when offered by a party opponent. (*Siebert v. Gene Security Network, Inc.*, 75 F. Supp. 3d 1108, 1115 (N.D. Cal. 2014.)

## III. HEARSAY EXCEPTIONS (FED. R. EVID. 801 AND 803.)

The Executive Summary is an exception to hearsay under Federal Rule of Evidence 801 (d) (2) as an opposing party's statement. Here, the Executive Summary was made by government representative in their representative capacity and has been adopted by the Government as true.

The 434 page BHR July 2020 Fire Report and the Executive Summary are both exceptions to hearsay under Federal rule of evidence 803 (8). A report was created as a public record by an agent of the United States concerning matters that the investigators

Page 5 of 6

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

PENNINGTON LAW FIRM
3304 30TH STREET
SAN DIEGO, CA 92104-4535

were under a legal duty to report. A public report is not hearsay and the factual findings from a legally authorized investigation can be used in a civil case. (Fed. R. Evid. 803 (8)(A)(iii).)

### IV. THE REPORT SHOULD BE ADMITTED. DEFENDANT CAN ARGUE AS TO THE WEIGHT.

Defendant's argument is not with the document itself, but with the weight that the court should give the to the statements of the party opponent. "The district court does not abuse its discretion when it admits evidence that meets the minimum requirements for authentication under the Federal Rules of Evidence and allows the defense to argue that the jury should give the evidence minimal weight." (*United States v. Ortiz*, 776 F.3d 1042, 1045 (9th Cir. 2015.)

To avoid delays on the day of trial, Plaintiff applies for a motion hearing date for a Rule 104 hearing concerning evidence.

May 1, 2024

s/ Walt Pennington SBN 214470
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for California Marine Cleaning, Inc., Plaintiff*

Page 6 of 6

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

**WALT PENNINGTON SBN 214470**
Pennington Law Firm
3304 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for California Marine Cleaning, Inc., Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC. <br>     Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA <br>     Defendant. | Case No. 3:22-cv-00741-JO-BLM <br><br> DECLARATION OF WALT PENNINGTON IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION <br><br> Judge:     Jinsook Ohta |

I, Walt Pennington, hereby declare based upon personal knowledge, or information provided to me in my official capacity, as follows:

1. I called Defendant's counsel, Kyle Fralick on Tuesday, April 30, 2024 to meet and confer concerning the motion for a Rule 104 hearing.

2. Kyle Fralick returned my call. I asked if Defendant United States would stipulate to the admissibility of the 434 page Command Investigation into the Fire Aboard USS Bonhomme Richard (LHD-6) 12 July 2020 ("BHR July 2020 Fire Report") or the five and one-half pages of the Executive Summary within that report. Defendant refused to stipulate to the admission of either document.

Page 1 of 2

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities

3. Then asked if Defendant would stipulate that the Command Investigation into the Fire Aboard USS Bonhomme Richard (LHD-6) 12 July 2020 or the Executive Summary was relevant, authentic or was not hearsay. Defendant refused.

4. I told Mr. Fralick that Plaintiff would be contacting the court concerning the Rule 104 hearing.

5. It is Plaintiff's counsel's understanding that Defendant will oppose the admission into evidence of the five and one-half page Executive Summary and the 434 page BHR July 2020 Fire Report.

By 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: May 1, 2024

*/s/ Walt Pennington*

Walt Pennington

Plaintiff California Marine Cleaning's Ex Parte Motion to Allow A Rule 104 Hearing Concerning The Admission of an Opposing Party's Statement (FRE 801 (d)(2)) and to Admit Public Records (FRE 803 (8)); Memorandum of Points and Authorities