TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
KYLE FRALICK
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648/(415) 436-6647
E-mail: eric.kaufman-cohen@usdoj.gov
kyle.fralick@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MARINE CLEANING, INC., Plaintiff, | Case No.: 3:22-cv-00741-JO-BLM |
| | In Admiralty |
| vs. | |
| UNITED STATES OF AMERICA, THROUGH THE DEPARTMENT OF THE NAVY, Defendant. | UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO ADMIT AN OPPOSING PARTY'S STATEMENT (FRE 801 (d)(2)) AND AS A PUBLIC RECORD (FRE 803 (8)) (ECF 66) |
| | Date: May 15, 2024 at 9:30 a.m.<br>Courtroom: 4<br>HON. Jinsook Ohta presiding |

# TABLE OF CONTENTS

INTRODUCTION ....................................................................1

DISCUSSION ....................................................................4

A. Fed. R. Evid. 1006 Precludes Admission of the Summary ....................................................................4

B. Cal Marine Cannot Authenticate the Summary it Seeks to Admit ....................................................................6

C. The Summary Lacks Foundation as an Opposing Party's Statement ....................................................................7

D. Cal Marine Cannot Lay the Foundation for Admission Of the Summary as a Public Record ....................................................................9

E. Even if the Court finds the Summary is a Public Record, It Should Nonetheless Exclude the Report Because it is Unreliable ....................................................................11

F. If the Court Admits Any Portion of the Summary or Portions of the Command Report the United States Should be Given the Opportunity to Designate Other Portions of the Report Pursuant to Fed. R. Evid. 106 ....................................................................13

CONCLUSION ....................................................................13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield*, 500 F. Supp. 2d 1244 (E.D. Cal. 2007) ........ 7

*George v. Sonoma County Sheriff's Dept.*, 2010 WL 4117372 (N.D. Cal. Oct. 19, 2010) ........ 11

*Holzhauer v. Golden Gate Bridge Highway and Transp. Dist.*, 745 Fed. Appx. 265 (9th Cir. 2018) ........ 10

*Hussein v. Univ. and Comm. College Sys. Of Nevada*, 2007 WL 4592225 (D. Nev. Dec. 8, 2007) ........ 6

*Orr v. Bank of America*, 285 F.3d 764 ........ 6

*Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984) ........ 1, 4, 5

*Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154 (11th Cir. 2004) ........ 4

*Sibert v. Gene Sec. Network, Inc.*, 75 F. Supp. 3d 1108 (N.D. Cal. 2014) ........ 6

*Talavera v. Global Payments, Inc.*,
670 F. Supp. 3d 1074 (S.D. Cal. 2023) .......... 7

*United States v. Goss,*
650 F.2d 1336 (5th Cir. 1981) .......... 4

Rules

Fed. R. Evid. 106 .......... 13
Fed. R. Evid. 403 .......... 3, 11
Fed. R. Evid. 702 .......... 12
Fed. R. Evid. 801(d)(2) .......... 7, 8
Fed. R. Evid. 803(8) .......... 9, 10, 12
Fed. R. Evid. 803(8)(A)(iii) .......... 10
Fed. R. Evid. 901 .......... 6
Fed. R. Evid. 1006 .......... passim

Other Authorities

6 Weinstein's Federal Evidence § 1006.03 (2d ed. 2004) .......... 4
31 Federal Practice and Procedure § 8043 .......... 4, 5

## INTRODUCTION

During the hearing on the parties' motions *in limine* held on April 12, 2024, the Court ordered California Marine Cleaning, Inc. (Cal Marine) to identify specific portions of the Navy Command's report concerning the causes of the July 12, 2020 fire aboard the USS Bonhomme Richard it wishes to enter into evidence at trial–so the Court can determine whether the identified portions are admissible. The Court reiterated its position in its minute order dated May 3, 2024, "The Court instructed Plaintiff that he must identify specific portions of the report that he wishes to enter in order for the Court to determine whether the identified portions are admissible." (ECF 65). Cal Marine has decided not to abide by the Court's order and now seeks to admit a summary of that report in the guise of a statement of a party opponent and as a public record. In so doing, however, Cal Marine has missed a crucial step. Admittance of summaries of voluminous records, such as the Navy Command's 434 page report, is governed by Fed. R. Evid. 1006.

To be admissible as a summary under Fed. R. Evid. 1006, the underlying information used to create the summary must itself be admissible. *Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254 (9th Cir. 1984). The Court has already ruled that the entire report is not admissible. In ruling from the Bench, the Court held:

> And finally, that leaves us with the investigations. The first one that is specific to this particular incident, and the second one that is more about

a -- the Navy's exploration of previous fire incidence. With regard to those, the Court's inclination is to reserve.

The Court does not plan on -- the Court does not plan on admitting that document wholesale, nor does it plan on rejecting that document wholesale. As Government points out, there will be portions of that document that are double hearsay and inadmissible double hearsay, but there will be large portions of that document that are party admissions.

And so, what I will be requiring at trial is for Plaintiff to specifically point to specific lines within certain pages and articulate for the Court what you wish me to draw from that specific content. And then, I can give you the Court's ruling on whether it will do so based on rules of evidence and concerns about prejudicial nature versus probative nature, all of the baseline concerns that the Court uses when it decides what to admit and what to exclude.

But what is definite right now is, like I said, you're not going to get a ruling from me admitting the whole thing, and you're not getting a ruling from me excluding the whole thing. We're going to take it segment by segment.

And, Plaintiff's Counsel, I would highly urge you to make any requests in that regard strategic, discrete, narrowed to what you really need. *Because if you bombard me with a request that is tantamount to me having to go through that whole document, then the arguments that the Government raised about the lack of expert guidance, the confusing nature, all of that, that's going to come to bear*.[1]

---

[1] Certified Transcript of Motion *in Limine* Hearing Final Pretrial Conference, Friday, April 12, 2014, 7:7 – 8:11, a true and correct copy of which is attached to the Declaration of Eric Kaufman-Cohen filed herewith, emphasis added. Should Cal Marine in the end abide by the Court's order, the United States reserves its right to object to the portions of the report identified by Cal Marine based on all applicable Fed. R. Evid. and reserves its right to identify additional sections of the report so the Court can gain a complete understating of the report before rendering

By seeking to admit the summary of the report, Cal Marine is doing exactly what the Court admonished it not to do, bombard the Court with a request that is tantamount to requiring the Court to sift through the entire report– as this is what Fed. R. Evid. 1006 requires the Court to do. Before admitting the summary of the report, the Court must first wade through the entire report to determine what parts of that report are admissible and what parts are not, and then scrutinize the summary to ensure that it includes a "summary" of only those portions of the report that the Court finds admissible.

Regardless of Cal Marine's failure to properly seek to admit the summary pursuant to Fed. R. Evid. 1006, the summary, even if arguably relevant, should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. In addition to its exclusion under 403, the summary is also inadmissible hearsay and is based on inadmissible hearsay-within-hearsay. The United States further submits that Cal Marine cannot authenticate the summary or lay the foundation for its admission on any non-hearsay basis or as a hearsay exception. Cal Marine cannot,

---

its decision on the admissibility of the report and the weight, if any, it should afford the report.

as well, establish the foundation required to admit the summary as a statement of a party opponent and/or as a public record.

**DISCUSSION**

**A. Fed. R. Evid. 1006 Precludes Admission of the Summary.**

In pertinent part, Fed. R. Evid. 1006 permits a proponent to offer a summary to prove the content of voluminous writings. However, to be admissible as a summary the underlying information used to create the summary must itself be admissible. *Paddack, supra* 745 F.2d at 1259. "In other words, Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible." *Peat, Inc. v. Vanguard Rsch., Inc.,* 378 F.3d 1154, 1160 (11th Cir. 2004) (citing J. McLaughlin, J. Weinstein, & M. Berger, 6 Weinstein's Federal Evidence § 1006.03[3] (2d ed. 2004) ("Charts, summaries, and calculations are only admissible when based on original or duplicate materials that are themselves admissible evidence."); and C.A. Wright & V.J. Gold, 31 Federal Practice and Procedure § 8043, at 527 (2000) ("Rule 1006 evidence may also be excluded where the source materials are inadmissible hearsay or even where just some parts of those materials are inadmissible hearsay.")). *See also United States v. Goss,* 650 F.2d 1336, 1344 n.5 (5th Cir. 1981) (Rule 1006 does not permit "the admission of summaries of the testimony of out-of-court witnesses" because such testimony would be hearsay). Where a summary is based on both admissible and inadmissible

hearsay, "the proponent…is entitled to admission of only those portions that he can demonstrate are entirely admissible." *Paddack,* 745 F.2d at 1260. Further, "Testimony from the person who prepared the summary evidence usually is required to establish the facts necessary to relevance and authentication." 31 Fed. Prac. & Proc. Evid. § 8043 (2d ed.).

Here, the Executive Summary of the report that Cal Marine seeks to admit is exactly that – a summary – which Cal Marine is offering to prove the contents of the more voluminous 434-page full report. As such, it is subject to Fed. R. Evid. 1006 and the requirement that to be admissible all underlying information which it summarizes must likewise be admissible. However, as the Court has previously held, the full 434-page report contains significant portions of inadmissible hearsay and inadmissible hearsay-within-hearsay. These portions are inextricably intertwined and infused into the summary so even if some portions of the full report were admissible, which is denied, Cal Marine would need to prove the summary was based only on those admissible portions and was free of inadmissible evidence. Cal Marine also has no witness to testify about the source materials of the summary or that the summary accurately summarizes the source materials.

The Court has already held that the entire report is inadmissible. Consequently, Cal Marine's attempt to admit the Summary is improper pursuant to the applicable Rule of Evidence–Fed. R. Evid. 1006. Accordingly, the Court should

not permit Cal Marine to circumvent Rule 1006 and it should not grant Cal Marines motion to admit the summary.

**B. Cal Marine Cannot Authenticate the Summary it Seeks to Admit.**

Regardless of Cal Marines failure to properly seek the admittance of the summary pursuant to Fed. R. Evid. 1006, Cal Marine cannot authenticate the summary, a fundamental requirement for the admission of evidence. Fed. R. Evid. 901.

In its motion for an evidentiary hearing, Cal Marine states "Documents produced in discovery are authentic when offered by a party opponent." ECF No. 64 at 5 (citing *Sibert v. Gene Sec. Network, Inc.*, 75 F. Supp. 3d 1108, 1115 (N.D. Cal. 2014)). Cal Marine restates the same basic premise in its motion to admit the Summary. ECF No. 66 at 5. However, this is an incomplete statement of the rule. "To authenticate a document through production during discovery, the Ninth Circuit requires: 1) the producer of the document be identified, and 2) the party producing the document admit its production." *Hussein v. Univ. and Comm. College Sys. Of Nevada*, 2007 WL 4592225, *1 (D. Nev. Dec. 8, 2007) (citing *Orr v. Bank of America*, 285 F.3d 764, 777 n. 20 (9th Cir. 2002)).

In its motion to admit the summary, Cal Marine offers ECF No. 66-2 into evidence (the purported "Executive Summary"), but this document was not produced by the United States, Cal Marine does not identify its producer, nor is it

apparent on the face of the document where it came from. Further, the document does not have sufficient indicia of authenticity. It is unsigned, does not state who authored it, nor does it have other indicia of authenticity such as letterhead, which some courts have found helpful in assessing authenticity. *See e.g., Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield*, 500 F. Supp. 2d 1244, 1258 (E.D. Cal. 2007).

Additionally, if a document has been altered since being produced, it cannot be authenticated in this manner. *See Talavera v. Global Payments, Inc*., 670 F. Supp. 3d 1074, 1093 (S.D. Cal. 2023). Here, even if the United States produced ECF No. 66-2, which is denied, the document has been altered by someone who added text to the footers. Accordingly, Cal Marine's attempt to authenticate the Report in this way must fail.

### C. The Summary Lacks Foundation as an Opposing Party's Statement

Cal Marine fails to lay the foundation to allow the Court to admit the summary as a statement of a party opponent. In its motion to admit the summary, Cal Marine states "The Executive Summary is an exception to hearsay under Federal Rule of Evidence 801 (d) (2)."[2] ECF No. 66 at 5-6. Without any analysis

[2] The United States notes that evidence offered under Fed. R. Evid. 801(d)(2) is technically non-hearsay, not an exception to hearsay as Cal Marine states.

or evidence to establish this foundation, Cal Marine then avers that the Summary was made by government representatives in their representative capacity, the government adopted the report as true, that because the government produced ECF No. 66-2 in discovery [it didn't] Adm Scott Conn [whose name is not in the Summary] was thereby authorized to make the Summary, and that the Summary was made by an authorized agent within the scope of his responsibility. *Id.* Irrespective of the accuracy of these assertions, Cal Marine lacks the ability to lay this foundation because it can only offer the summary itself as evidence on these points. Fed. R. Evid. 801(d)(2) makes clear in its final unnumbered paragraph that the proponent of evidence under this rule must offer something *more than the statement itself* to "establish the declarant's authority under (C); [or] the existence or scope of the relationship under (D)…"

Without a witness or some other admissible evidence besides the summary itself to prove the summary was "made by a government representative in their representative capacity" or within the scope of the declarant's authority, which Cal Marine does not have, the summary lacks foundation for admission as a statement of a party opponent under Fed. R. Evid. 801(d)(2).

//

//

//

**D. Cal Marine Cannot Lay the Foundation for Admission of the Summary as a Public Record.**

Cal Marine also argues the summary is public record and therefore admissible under the hearsay exception for public records found at Fed. R. Evid. 803(8). However, Cal Marine cannot lay a foundation for admitting the summary under this exception either and in any event the summary is not a public record for purposes of the rule.

In addition to offering the summary as an opposing party statement, Cal Marine vaguely suggests that the public records exception to the rule against hearsay also applies to the summary. ECF No. 66 at 6. In support of this argument, Cal Marine states that the "report was created as a public record by an agent of the United States concerning matters that the investigators were under a legal duty to report." *Id.* But not all public records are created equal, and the summary is not one for which Cal Marine can lay the foundation for admission under Fed. R. Evid. 803(8).

As an initial matter, there is no evidence, and Cal Marine offers none, that the summary was created as a public record. Indeed, it appears the opposite is true. Every page of the Summary bears the acronym "CUI" which has been struck through but is an information disclosure control used by the Department of Defense to indicate the document is "Controlled Unclassified Information." In accordance

with Department of Defense regulations, Controlled Unclassified Information is not publicly releasable unless and until it is cleared for public release by an appropriate government official.[3] The strike through on the summary's CUI designation presumably indicates the appropriate government official reviewed and cleared this document for public release, but the fact it bears the CUI designation in the first place indicates it was not created nor intended to be a public record.

Likewise, the mere presence of a document on an agency's website does not indicate the matter is a public record for purposes of Fed. R. Evid. 803(8). Where, as here, the proponent seeks to admit the document under Fed. R. Evid. 803(8)(A)(iii), the proponent must establish the factual findings are from a legally authorized investigation. Cal Marine points to no legal authority for the Summary and the Navy is not an investigative agency such that it routinely or as a matter of duty conducts investigations of the type it did here. *Cf. Holzhauer v. Golden Gate Bridge Highway and Transp. Dist.,* 745 Fed. Appx. 265, 268 (9th Cir. 2018) (finding admissible as a public record an interview summary in a Coast Guard investigation because it was created "as part of the Coast Guard's practice of

---

[3] *See* Department of Defense Instruction 5200.48, March 6, 2020, available at: https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/520048p.PDF. Paragraph 1.2(b) states in pertinent part: "All DoD CUI must be controlled until authorized for public release in accordance with DoD Instructions…or DoD Manual (DoDM) 5400.07."

investigating all boating accidents on navigable waters."); and *George v. Sonoma County Sheriff's Dept.,* 2010 WL 4117372, *6 (N.D. Cal. Oct. 19, 2010) (finding public records hearsay exception applied to grand jury investigation reports because grand juries have authority and duty to investigate appropriate subjects and prepare reports).

**E. Even if the Court finds the Summary is a Public Record, it Should Nonetheless Exclude the Report Because it is Unreliable.**

Fed. R. Evid. 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues…" Both will occur if the summary of the summary is admitted at trial.

With respect to unfair prejudice, although a summary of the underlying report, the summary itself is technical in nature regarding the circumstances of the fire on the *USS Bonhomme Richard* and other ships, as well as to the extent of the Navy's procedural compliance with a large variety of technical publications, internal regulations, policies, and other procedures. Without an expert to explain and present this information–which Cal Marine does not have – there is a significant likelihood that the wide of range of issues discussed in the summary many of which are wholly unrelated to the question of the Government's negligence in the loss of Cal Marine's property, will unfairly prejudice the Government.

The United States submits that even if the Court finds the summary to be admissible under the Public Records exception, the significant amount of expert opinion throughout the full report and summary is a separate and distinct basis for exclusion. Cal Marine can offer no evidence regarding the knowledge, skill, experience, training, or education of any declarant, including most importantly the Report's author. *See* Fed. R. Evid. 702.

Similarly, the lack of expert of testimony at the trial regarding the contents of the summary and the wide range of subjects it examines will inevitably lead to confusion of the issues.

Further, Cal Marine argues that the United States' challenge to the summary goes to its weight, not its admissibility. ECF No. 66 at 6. While accurate insofar as the United States challenges the trustworthiness of the Summary (and the underlying Report which it summarizes), this is not only an issue of weight but also goes directly to it admissibility. Fed. R. Evid. 803(8) expressly includes as an element of admissibility the trustworthiness of the record; if the record lacks trustworthiness, as the Summary does here, it cannot be admitted under this hearsay exception.

//

//

//

### F. If The Court Admits Any Portion of the Summary or Portions of the Command Report the United States Should be Given the Opportunity to Designate Other Portions of the Report Pursuant to Fed. R. Evid. 106.

Fed. R. Evid. 106 states that when portions of a record or document are admitted, the Court should admit the remainder of or related writings or recordings "that in fairness ought to be considered at the same time." Here, Cal Marine has selectively chosen to offer only the Summary. If the Court admits any portion of it, depending on what's admitted there may be other portions of the full Report that out of fairness the Court should also admit. The same is true if Cal Marine decides to abide by the Court's Order and identifies selected portions of the Report it wishes to enter into evidence at trial. In either case, the United States respectfully requests that it be allowed to identify additional portions of Summary or portions of the entire Report it believes would allow the Court to make a reasoned decision concerning the weight to be given the portions of the Summary or full Report, as the case may be.

## CONCLUSION

Ignoring the Court's orders, Cal Marine has failed to identify any specific and discrete portions of the Report to offer for admission into evidence. Instead, Cal Marine chose to attempt an end-around the problems it faces in admitting the Report by offering only the Summary. However, in attempting this end-around,

Cal Marine has ignored a fundamental first step in seeking the admittance of a summary, Fed. R. Evid. 1006, whether by design or otherwise. On this basis alone, the Court should deny Cal Marines' motion to admit the Summary. Should the Court find otherwise, Cal Marine has not laid the foundation upon which the Court may admit the Summary as a statement of a party opponent and/or a public record. For these reasons, the United States respectfully asks the Court to deny Cal Marines' motion.

Dated: May 13, 2024

TARA K. MCGRATH
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

s/Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
Torts Branch, Civil Division, Admiralty
KYLE FRALICK
Trial Attorney, West Coast Office
Torts Branch, Civil Division, Admiralty
U.S. Department of Justice

Attorneys for Defendant
United States of America

CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2024, a true and correct copy of the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO ADMIT AN OPPOSING PARTY'S STATEMENT (FRE 801 (d)(2)) AND AS A PUBLIC RECORD (FRE 803 (8) (ECF 66) was served electronically through CM/ECF on:

WALT PENNINGTON
wpennington@pennfirm.com
PENNINGTON LAW FIRM

Attorney for Plaintiff
CALIFORNIA MARINE
CLEANING, INC.

s/Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN